1  William N. Lobel, State Bar No. 93202
   wlobel@lwgfllp.com
2  Alan J. Friedman, State Bar No. 132580
   afriedman@lwgfllp.com
3  Sean A. O'Keefe, State Bar No. 122417
   sokeefe@lwgfllp.com
4  Beth E. Gaschen, State Bar No. 245894
   bgaschen@lwgfllp.com
5  **LOBEL WEILAND GOLDEN FRIEDMAN**
   650 Town Center Drive, Suite 950
6  Costa Mesa, California 92626
   Tel.: 714-966-1000 / Fax: 714-966-1002

7  Attorneys for defendant and counter-claimant Freedom
   Communications, Inc., and defendant, counter-claimant,
8  and cross-claimant Freedom SPV II, LLC.

9               **UNITED STATES BANKRUPTCY COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| 11 In re | Case No. 8:15-bk-15311-MW |
| 12 FREEDOM COMMUNICATIONS, INC., a Delaware corporation, et al., | Chapter 11 |
| 13 Debtors and Debtors-in-Possession. | Adv. No. 8:16-ap-01116-MW |
| 14 OC MEDIA TOWER, L.P., a California | **ANSWER TO COMPLAINT TO DETERMINE THE VALIDITY, EXTENT** |
| 15 limited partnership, | **AND PRIORITY OF PLAINTIFF'S LIEN, AND COUNTERCLAIMS AND** |
| 16 Plaintiff, | **CROSSCLAIMS FOR: 1) DETERMINATION THAT LIEN IS VOID** |
| 17 v. | **PURSUANT TO 11 U.S.C. § 506(d); 2) AVOIDANCE AND RECOVERY OF** |
| 18 FREEDOM COMMUNICATIONS, INC., a Delaware Corporation, and FREEDOM | **FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550; 3)** |
| 19 SPV II, LLC, a Delaware limited liability company, | **AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT** |
| 20 Defendants. | **TO 11 U.S.C. §§ 544(b), 550, AND CALIFORNIA CIVIL CODE** |
| 21 FREEDOM COMMUNICATIONS, INC., a Delaware corporation and FREEDOM SPV | **§ 3439.04(a)(2); 4) AVOIDANCE AND RECOVERY OF FRAUDULENT** |
| 22 II, LLC, a Delaware limited liability company, | **TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 550 AND CALIFORNIA CIVIL** |
| 23 Counter and Cross-Claimants, | **CODE § 3439.05; AND 5)** |
| 24 v. | **PRESERVATION OF TRANSFERS** |
| 25 OC MEDIA TOWER, L.P., a California | **PURSUANT TO 11 U.S.C. § 551** |
| 26 limited partnership, | |
| 27 Counter-Defendant, | |
| 28 | |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1

2

-and-

CACTUS FINANCIAL, INC. a California
corporation and CARIBOU INDUSTRIES,
INC., a Nevada corporation,

3

4

    Cross-Defendants.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1075758.1

ANSWER, COUNTERCLAIMS AND
CROSSCLAIMS

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

DOCS_LA:299154.5 29266-002

**TO THE PLAINTIFF AND COUNTER-DEFENDANT, CROSS-DEFENDANTS AND THEIR COUNSEL:**

**ANSWER**

Freedom Communications, Inc., a Delaware corporation ("<u>FCI</u>"), and Freedom SPV II, LLC, a Delaware limited liability company ("<u>Freedom SPV II</u>") (together the "<u>Defendants</u>"), hereby submit the following answer to that certain *Complaint To Determine The Validity, Extent And Priority Of Plaintiff's Lien* (the "<u>Complaint</u>").

**<u>Statement of Jurisdiction</u>**

1. The Defendants admit the allegations in paragraph 1 of the Complaint.

2. The Defendants admit the allegations in paragraph 2 of the Complaint.

3. The Defendants admit the allegations in paragraph 3 of the Complaint.

4. The Defendants admit the allegations in paragraph 4 of the Complaint.

5. The Defendants admit the allegations in paragraph 5 of the Complaint.

**<u>The Parties</u>**

6. The Defendants admit the allegations in paragraph 6 of the Complaint.

7. The Defendants admit the allegations in paragraph 7 of the Complaint.

8. The Defendants deny the allegations in paragraph 8 of the Complaint.

**<u>The Defendants' Corporate Structure and Operations</u>**.

9. The Defendants admit the allegations in paragraph 9 of the Complaint.

10. The Defendants admit the allegations in paragraph 10 of the Complaint.

11. The Defendants admit the allegations in paragraph 11 of the Complaint.

12. The Defendants admit the allegations in the first and third sentences of paragraph 12 of the Complaint, but they deny all other allegations in this paragraph (the referenced property was sold before the Complaint was filed).

13. The Defendants admit the allegations in paragraph 13 of the Complaint.

14. The Defendants admit the allegations in paragraph 14 of the Complaint.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1

1   15.   The Defendants deny the allegations in paragraph 15 of the Complaint

2   (Freedom SPV II owned the real property defined in this paragraph as the "Santa Ana

3   Property", as of the Petition Date.  Neither FCI nor any other Debtor owned any interest in

4   this property as of this date or thereafter).

5                            **The Santa Ana Property**

6   16.   The Defendants deny the allegations in paragraph 16 of the Complaint

7   based upon the Plaintiff's definition of the term "Santa Ana Property", as a property owned

8   by both Defendants. Freedom SPV II admits only that it was the sole owner of the real

9   property consisting of the land, printing facilities and parking areas surrounding 625 N.

10  Grand Avenue, Santa Ana, California 92701 (the "<u>Facility Property</u>"), as of the Petition

11  Date.

12  17.   The Defendants deny the allegations in paragraph 17 of the Complaint.

13  Freedom SPV II admits only that the description of the property set forth in paragraph 17

14  fairly describes the Facility Property, which was solely owned by Freedom SPV II, as of

15  the Petition Date.

16  18.   The Defendants deny the allegations in paragraph 18 of the Complaint (FCI

17  no longer occupied the Facility Property as of the filing of the Complaint).

18  19.   The Defendants deny the allegations in the first sentence of paragraph 19 of

19  the Complaint, and admit the remaining allegations in this paragraph. To the extent that

20  the allegations in first sentence of paragraph 19 refer to the Facility Property, as defined in

21  paragraph 16 above, they are admitted.

22  20.   The Defendants admit the allegations in paragraph 20 of the Complaint. As

23  of the filing of the Complaint, Freedom SPV II did not own any property.

24  21.   The Defendants admit the allegations in paragraph 21 of the Complaint. As

25  of the filing of the Complaint, Freedom SPV II did not own any property.

26  22.   The Defendants admit the allegations in paragraph 22 of the Complaint. As

27  of the filing of the Complaint, Freedom SPV II did not own any property.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

23.    The Defendants admit the allegations in paragraph 23 of the Complaint. As of the filing of the Complaint, Freedom SPV II did not own any property.

### The Plaintiff's Purchase of The 625 Property

24.    The Defendants admit the allegations in paragraph 24 of the Complaint.

25.    The Defendants admit the allegations in paragraph 25 of the Complaint.

26.    The Defendants deny the allegations in paragraph 26 of the Complaint, except that Exhibit A is a true and correct copy of the APA, the terms of which speak for themselves.

27.    The Defendants deny that the Lease between Plaintiff and FCI was technically a "lease-back" agreement, but otherwise admit the allegations contained in paragraph 27 of the Complaint.

28.    The Defendants deny the allegations in paragraph 28 of the Complaint.

29.    The Defendants deny the allegations in paragraph 29 of the Complaint, except that Exhibit B is a true and correct copy of a lease between Plaintiff and FCI, the terms of which speak for themselves.

30.    The Defendants deny the allegations in paragraph 30 of the Complaint, except that Exhibit C is a true and correct copy of a note issued by FCI to OC Media, the terms of which speak for themselves.

31.    The Defendants admit the allegations in paragraph 31 of the Complaint

32.    The Defendants deny the allegations in paragraph 32 of the Complaint, except that Exhibit D is a true and correct copy of the recorded lien in favor of OC Media.

33.    The Defendants admit the allegations in paragraph 33 of the Complaint.

### The Sale Motion

34.    The Defendants admit the allegations in paragraph 34 of the Complaint.

35.    The Defendants admit the allegations in paragraph 35 of the Complaint.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

36. The Defendants deny that the OC Media Lien is a valid encumbrance on the Santa Ana property, but otherwise admit the remaining allegations in paragraph 36 of the Complaint.

37. The Defendants admit the allegations in paragraph 37 of the Complaint.

38. The Defendants admit the allegations in the first sentence of paragraph 38 of the Complaint, but otherwise deny the remaining allegations contained therein.

39. The Defendants admit the allegations in paragraph 39 of the Complaint.

## First Claim for Relief

40. The Defendants restate their prior answers to the restated allegations in paragraph 40 of the Complaint.

41. The Defendants admit the allegations in paragraph 41 of the Complaint, subject to the qualification that the "Santa Ana Property" was solely owned by Freedom SPV II.

42. The Defendants deny the allegations in paragraph 42 of the Complaint.

43. The Defendants deny the allegations in paragraph 43 of the Complaint.

44. The Defendants lack sufficient information to admit or deny paragraph 44, and based thereon deny the allegations in paragraph 44 of the Complaint.

45. The Defendants lack sufficient information to admit or deny paragraph 45, and based thereon deny the allegations in paragraph 45 of the Complaint.

46. The Defendants deny the allegations in paragraph 46 of the Complaint.

47. The Defendants deny the allegations in paragraph 47 of the Complaint.

48. The Defendants deny the allegations in paragraph 48 of the Complaint.

49. The Defendants deny the allegations in paragraph 49 of the Complaint.

50. The Defendants deny the allegations in paragraph 50 of the Complaint.

51. The Defendants deny the allegations in paragraph 51 of the Complaint.

52. The Defendants deny the allegations in paragraph 52 of the Complaint.

53. The Defendants deny the allegations in paragraph 53 of the Complaint.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1    54.    The Defendants deny the allegations in paragraph 54 of the Complaint.

2    55.    The Defendants deny the allegations in paragraph 55 of the Complaint.

3    56.    The Defendants deny the allegations in paragraph 56 of the Complaint.

4                          **Second Claim for Relief**

5    57.    The Defendants restate their prior answers to the restated allegations in

6    paragraph 57 of the Complaint.

7    58.    The Defendants deny the allegations in paragraph 58 of the Complaint.

8    59.    The Defendants admit solely that they each maintained their corporate

9    headquarters at the 625 Property, but otherwise deny the allegations in paragraph 59 of

10   the Complaint.

11   60.    The Defendants admit the allegations in paragraph 60 of the Complaint.

12   61.    The Defendants admit the allegations in paragraph 61 of the Complaint.

13   62.    The Defendants admit the allegations in paragraph 62 of the Complaint.

14   63.    The Defendants admit the allegations in paragraph 63 of the Complaint.

15   64.    The Defendants deny the allegation that for at least one year prior to the

16   Petition Date SPV II generated no income or revenue from its business operations, but

17   admit the remaining allegations in paragraph 64 of the Complaint.

18   65.    The Defendants deny the allegations in paragraph 65 of the Complaint.

19   66.    The Defendants deny the allegations in paragraph 66 of the Complaint.

20   67.    The Defendants deny the allegations in paragraph 67 of the Complaint.

21                          **Third Claim for Relief**

22   68.    The Defendants restate their prior answers to the restated allegations in

23   paragraph 68 of the Complaint.

24   69.    The Defendants admit the allegations in paragraph 69 of the Complaint.

25   70.    The Defendants admit the allegations in paragraph 70 of the Complaint.

26   71.    The Defendants admit the allegations in paragraph 71 of the Complaint.

27

28

ANSWER, COUNTERCLAIMS AND
                                                                              CROSSCLAIMS

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

72.     The Defendants admit the first sentence of the allegations contained in paragraph 72 of the Complaint, but deny the remainder thereof.

73.     The Defendants deny the allegations in paragraph 73 of the Complaint. The Defendants admit the rejection of the Lease is treated as a breach thereof, as of the petition date.

74.     The Defendants admit the allegations in paragraph 74 of the Complaint, assuming the word "reaming" means "remaining."

75.     The Defendants deny the allegations in paragraph 75 of the Complaint.

76.     The Defendants admit the allegations in paragraph 76 of the Complaint.

77.     The Defendants deny the allegations in paragraph 77 of the Complaint.

78.     The Defendants deny the allegations in paragraph 78 of the Complaint.

79.     The Defendants deny the allegations in paragraph 79 of the Complaint.

80.     The Defendants deny the allegations in paragraph 80 of the Complaint.

WHEREFORE, the Defendants pray that the Court deny all claims for relief alleged in the Complaint and award the Defendants all fees and costs incurred in the defense of this matter.

The Defendants assert the following affirmative defenses to the claims alleged by the Plaintiff:

A. The allegations in the Complaint fail to state claims for relief.

B. The claims alleged are barred by the defense of unclean hands.

C. The claims alleged are barred by the defense of in pari delicto.

D. The claims alleged are subject to setoff and/or recoupment.

E. The claims alleged are based upon a contract that lacked consideration.

F. The claims alleged have been waived or released.

G. Plaintiff is not entitled to any recovery on its claims as it has failed to mitigate its alleged damages.

**COUNTERCLAIMS AND CROSSCLAIMS**

Freedom Communications, Inc., a Delaware corporation ("FCI"), and Freedom SPV II, LLC, a Delaware limited liability company ("Freedom SPV II", and together with FCI "Counter and Cross-Claimants"), hereby allege the following counterclaims against the Plaintiff and counter-defendant, OC Media Tower, LP, a California limited partnership ("OC Media" or "Counter-Defendant"): (1) avoidance of lien pursuant to 11 U.S.C. § 506(d); (2) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550; (3) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2); (4) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05; and (5) preservation of transfers pursuant to 11 U.S.C. § 551 (collectively the "Counterclaims"); and crossclaims against Caribou Industries, Inc. and Cactus Financial, Inc. (collectively "Cross-Defendants") for (1) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550; (2) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04; (3) avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05; and (4) preservation of transfers pursuant to 11 U.S.C. § 551, and in support of such claims, FCI and Freedom SPV II allege as follows:

**Statement Of Jurisdiction And Venue**

1.    The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105, 506, 544, 548, 550 and 551.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (H), (K) and (O).  Regardless of whether this is a core proceeding, consent is hereby given to the entry of final orders and judgment by the Court.  OC Media is hereby notified that Fed. R. Bankr. P. 7008 requires OC Media to plead whether the claims for relief alleged against OC Media are core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Court.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

2.      Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

3.      The claims asserted herein arise out of and relate to the bankruptcy cases of Freedom Communications, Inc., et. al., jointly-administered chapter 11 cases bearing Lead Case No. 8:15-bk-15311-MW, currently pending in the United States Bankruptcy Court, Central District of California (the "Debtors' Bankruptcy Cases").

4.      FCI and Freedom SPV II filed their voluntary chapter 11 bankruptcy petitions on November 1, 2015 (the "Petition Date"), commencing Case No. 8:15-bk-15311-MW and Case No. 8:15-bk-15337-MW (respectively the "FCI Bankruptcy Case" and the "Freedom SPV II Bankruptcy Case").

**Parties To The Action And Standing**

5.      FCI and Freedom SPV II are the counter-claimants and cross-claimants herein and the debtors and debtors-in-possession in the FCI Bankruptcy Case and the Freedom SPV II Bankruptcy Case.

6.      OC Media, the counter-defendant herein, is a California limited partnership with a principal business address of 1103 N. Broadway, Santa Ana, California, 92701.

7.      Cross-Defendant Cactus Financial, Inc. ("Cactus") is a California corporation with a business address of 1103 N. Broadway, Santa Ana, California, 92701.

8.      Cross-Defendant Caribou Industries, Inc. ("Caribou") is a Nevada corporation transacting business in this district.

9.      FCI and Freedom SPV II are informed and believe and thereon assert that each of OC Media, Cactus and Caribou are ultimately owned and/or controlled by Mike Harrah.

10.     FCI and Freedom SPV II have standing to bring this action pursuant to 11 U.S.C. §§ 105, 544, 548, 550 and 551.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**General Allegations**

1

2       11.     FCI and Freedom SPV II incorporate each and every allegation contained in

3   paragraphs 1 through 10, inclusive, as though fully set forth herein.

4       12.     FCI and Freedom SPV II are part of a corporate group commonly known as

5   "Freedom Communications" that is made up of, among others, 25 separate but related

6   entities that are the debtors and debtors-in-possession in the Debtors' Bankruptcy Cases

7   (the "Debtors").

8       13.     The Debtors, headquartered in Santa Ana, California, were, as of the

9   Petition Date, collectively a privately owned information and entertainment company

10  consisting of print publications and interactive businesses.

11      14.     The Debtors' ultimate parent company is 2100 Freedom, Inc. ("2100

12  Freedom"), a Delaware corporation.

13      15.     2100 Freedom is the 100% owner of Freedom Communications Holdings,

14  Inc. ("FCHI").  FCHI, a Delaware corporation, is the 100% owner of FCI (aka The Orange

15  County Register).

16      16.     FCI is the 79% owner of Freedom SPV I, LLC ("Freedom SPV I"), a

17  Delaware limited liability company.  The remaining interests of Freedom SPV I are held by

18  Freedom Colorado Information, Inc., a Delaware corporation (10%), Victorville Publishing

19  Company, a California limited partnership (8%), and Victor Valley Publishing, a California

20  corporation (3%).

21      17.     Freedom SPV I is the 100% owner of Freedom SPV II.

22  **The Freedom SPV II Office Building Sale To OC Media And Lease To FCI**

23      18.     On September 19, 2014, Freedom SPV II sold to OC Media a five story

24  office building and an appurtenant parking structure and land (the "Office Building")

25  pursuant to an Agreement of Purchase and Sale (the "APA").

26      19.     Concurrent with the closing of the APA, FCI entered into a long term lease of

27  the Office Building from OC Media (the "Lease").  SPV II was not a party to the Lease.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

20.    The sale of the Office Building required lot line adjustments to sever that property from the Facility Property (as defined and described below) and required the creation of easements for ingress and egress in relation to the Facility Property (the "Easements").

21.    Although the stated purchase price for the Office Building was $27,000,000, Freedom SPV II was caused to make the following transfers from the proceeds of the sale of the Office Building:

     a.  Freedom SPV II was caused to transfer to OC Media $4,290,470 to "secure" FCI's performance under the Lease (the "Lease Performance Transfer");

     b.  Freedom SPV II was caused to transfer $3,000,000 to Cactus Financial, Inc. (the "Cactus Transfer") as a purported "property acquisition disbursement."

     c.  Freedom SPV II was caused to transfer $360,000 to Caribou Industries, Inc. (the "Caribou Transfer") as a purported "capital markets advisory consulting fee."

     d.  To secure repayment of FCI's obligations under a promissory note caused to be issued by FCI to OC Media in the amount of $2,145,239.20, reflecting a hold back for FCI's performance under the Lease (the "OC Media Note"), Freedom SPV II was caused to grant a lien in favor of OC Media against the Facility Property, which lien was represented by a Deed of Trust with Assignment of Rents, recorded by OC Media in the Orange County Recorder's Office on September 19, 2014, as Instrument No. 2014000381741 (the "OC Media Lien Transfer").

22.    The Lease Performance Transfer, Cactus Transfer, Caribou Transfer, and OC Media Lien Transfer, effectively reduced the consideration to Freedom SPV II for the sale of the Office Building from $27,000,000 to $17,204,291.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

23.     Freedom SPV II is informed and believes and thereon asserts that the value of the Office Building at the time of its sale was substantially in excess of the net purchase price that OC Media paid for this property. Accordingly, Freedom SPV II did not receive reasonably equivalent value in exchange for the transfer of title to the Office Building to OC Media (the "APA Transfer").

24.     Freedom SPV II is informed and believes and thereon asserts that in connection with the sale of the Office Building it was also caused to transfer its permanent rights of ingress and egress to the Facility Property to and from North Grand Avenue by retaining solely revocable easements over the property transferred  to OC Media, unfairly burdening its Facility Property for the benefit of OC Media, such that the value of the Facility Property was reduced substantially to $13.8 million (the "Access Rights Transfers").

25.     The Lease called for the payment of rent by FCI to OC Media of $17.48 per square foot per year for the first year of the Lease and $18.00 per square foot per year for the second year of the Lease, but FCI is informed and believes and thereon asserts that the fair market value of the Lease was no more than $12.30 per square foot per year, resulting in FCI not receiving reasonably equivalent value for its lease payments, resulting in a loss to FCI over the term of the Lease through the rejection thereof of $1,566,421 (the "Excess Rent Transfers").

### The Facility Property

26.     After the closing of the APA through the date of the court approved sale of substantially all of the Debtors' assets (the "Sale") on March 30, 2016 [Main Case Dkt. No. 563], Freedom SPV II was the sole owner of real property consisting of land, printing facilities and parking areas surrounding 625 N. Grand Avenue, Santa Ana, California 92701. The land is more fully described as follows:

PARCEL A:

PARCEL 1, IN THE CITY OF SANTA ANA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON EXHIBIT "B" ATTACHED TO LOT LINE ADJUSTMENT LL 2014-02 RECORDED SEPTEMBER 18, 2014 AS INSTRUMENT NO. 2014000379109 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA. EXCEPTING THEREFROM OIL AND MINERAL RIGHTS BY DEED RECORDED IN BOOK 3833, PAGE 264 OF OFFICIAL RECORDS.

PARCEL B:

PARCEL 2, IN THE CITY OF SANTA ANA, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON EXHIBIT "B" ATTACHED TO LOT LINE ADJUSTMENT LL 2014-02 RECORDED SEPTEMBER 18, 2014 AS INSTRUMENT NO. 2014000379109 OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA.

(collectively the foregoing property is referred to herein as the "Facility Property").

27.    The Facility Property had an "as is" fair market value of $13.8 million as of February 2015, June 2015 and the Petition Date.

28.    The Schedules of Assets and Liabilities filed in the Freedom SPV II Bankruptcy Case (the "Schedules") state that the value of the Facility Property is $13.8 million.

29.    Until the Sale, the Facility Property was Freedom SPV II's sole material asset, and was encumbered of record as follows.

**A.    The Silver Point Liens**

30.    As of November 21, 2013, (i) FCHI and FCI, as borrowers, (ii) Freedom SPV II and others, as guarantors, (iii) SPCP Group, LLC and SPCP Group VI, LLC, as lenders (the "Prepetition Lenders"), and (iv) Silver Point, as administrative agent and collateral agent (the "Prepetition Agent" and, together with the Prepetition Lenders, the "Prepetition Loan Parties," also from time to time referred to herein as "Silver Point"), entered into that Credit Guaranty Agreement, dated as of November 21, 2013 (the "Original Credit Agreement") with respect to a $26,000,000 credit facility.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

31.    The Original Credit Agreement, and the terms thereof, were amended pursuant to: (i) *Amendment to Credit and Guaranty Agreement,* dated as of December 10, 2013, (ii) *Second Amendment and Waiver to Credit and Guaranty Agreement,* dated as of January 24, 2014, (iii) *Third Amendment and Waiver to Credit and Guaranty Agreement,* dated as of February 28, 2014, (iv) *Fourth Amendment and Waiver to Credit and Guaranty Agreement,* dated as of April 21, 2014, and (v) *Fifth Amendment and Waiver to Credit and Guaranty Agreement*, dated as of May 28, 2014.  The Original Credit Agreement, as amended by any and all of the foregoing amendments, is hereinafter referred to as the "Credit Agreement."

32.    Concurrently with the execution of the Credit Agreement, Freedom SPV II, as trustor, made, executed and delivered to Silver Point, as beneficiary and collateral agent of the Prepetition Lenders, that *Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing*, dated as of November 19, 2013 (as amended, the "Silver Point Deed of Trust"), with respect to the property subject to the APA and the Facility Property.  The Silver Point Deed of Trust was recorded on November 25, 2013, in the Orange County Recorder's Office as document no. 2013000644091.  The Silver Point Deed of Trust is a first priority lien against the Facility Property and secures all "obligations and liabilities" of the borrowers and guarantors under the Credit Agreement and related loan documents.

33.    As of May 28, 2014, Freedom SPV II and Silver Point, as beneficiary and collateral agent of the Prepetition Lenders, entered into that *Modification Agreement to Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing* (the "Silver Point Amendment to Deed of Trust").  The Silver Point Amendment to Deed of Trust was recorded on May 29, 2014, in the Orange County Recorder's Office as document no. 2014000208267.

34.    On July 11, 2014, Silver Point, as beneficiary and collateral agent of the Prepetition Lenders, provided and delivered a "Notice of Default" which, among other

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1  things, set forth therein certain of the defaults under the Credit Agreement and Prepetition

2  Lenders thereafter accelerated all sums outstanding plus all fees, costs and charges due

3  under the Credit Agreement.

4       35.    On September 16, 2014, as a result of the defaults under the Credit

5  Agreement, Silver Point, as beneficiary and collateral agent of the Prepetition Lenders,

6  caused to be recorded in the Orange County Recorder's Office, with respect to the Silver

7  Point Deed of Trust and the Facility Property, that *Notice of Default and Election to Sell*

8  *Under Deed of Trust* (the "Silver Point NOD") thereby commencing a nonjudicial

9  foreclosure proceeding against the Facility Property.  The Silver Point NOD was recorded

10  in the Orange County Recorder's Office as document no. 2014000373433.

11       36.    On April 16, 2015, Silver Point, as beneficiary and collateral agent of the

12  Prepetition Lenders, caused to be recorded in the Orange County Recorder's Office, with

13  respect to the Silver Point Deed of Trust, Facility Property, and the Silver Point NOD, that

14  *Notice of Trustee's Sale* ("Silver Point NOS") setting and scheduling the nonjudicial

15  foreclosure sale of the Facility Property for May 15, 2015.  The Silver Point NOS was

16  recorded in the Orange County Recorder's Office as document no. 2015000194160.  The

17  liens asserted by Silver Point against the Facility Property are referred to herein as the

18  "Silver Point Liens."

19       37.    As of the Petition Date, the outstanding debt secured by the Silver Point

20  Deed of Trust as reflected in FCI's and SPV II's books and records was approximately

21  $19.0 million dollars.

22  **B.**    **The PBGC Liens Against The Debtors And The Facility Property**

23       38.    Prior to the Petition Date, the Pension Benefit Guaranty Corporation (the

24  "PBGC"), on behalf of The Retirement Plan of Freedom Communications, Inc. (the

25  "Pension Plan") filed various Notices of Federal Lien Under I.R.C. § 412(n) and/or §

26  430(k) against the Facility Property to secure the Debtors' obligations to the PBGC related

27  to the Pension Plan (the "PBGC Liens").

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

39.    The filings related to the PBGC Liens are as follows:

a.    On August 13, 2014, the PBGC recorded a Notice of Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in the Orange County Recorder's Office, as Instrument No. 2014000326855, in the amount of $2,354,907.

b.    On September 23, 2014, the PBGC recorded a Notice of Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in the Orange County Recorder's Office, as Instrument No. 2014000385702, in the amount of $5,045,093.

c.    On December 2, 2014, the PBGC recorded a Notice of Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in the Orange County Recorder's Office, as Instrument No. 2014000518702, in the amount of $2,285,360.

d.    On March 27, 2015, the PBGC recorded a Notice of Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in the Orange County Recorder's Office, as Instrument No. 2015000157115, in the amount of $2,073,065.

e.    On June 5, 2015, the PBGC recorded a Notice of Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in the Orange County Recorder's Office, as Instrument No. 2015000294481, in the amount of $1,639,221.

f.    On September 23, 2015, the PBGC recorded a Notice of Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in the Orange County Recorder's Office, as Instrument No. 2015000487370, in the amount of $1,307,601.

40.     Based on the above-referenced filings, as of the Petition Date, the PBGC asserted a total secured claim against the Plaintiff in the approximate amount of $15.46 million (the "PBGC Secured Claim").

**C.     The McEachen/Stern Lien Against The Facility Property**

41.     On July 31, 2014, the Los Angeles Superior Court entered a stipulated judgment in the amount of $4.150 million in favor of Mark McEachen and Mitchell Stern ("McEachen/Stern"), and jointly and severally against FCHI and Freedom SPV II (the "Stipulated Judgment").  On August 4, 2014, McEachen/Stern recorded the Stipulated Judgment against the Facility Property, in the Orange County Recorder's Office, as Instrument No. 2014000312355 (the "McEachen/Stern Lien").

42.     As of the Petition Date, McEachen/Stern asserted a total secured claim against Freedom SPV II in the approximate amount of $4.150 million (the "McEachen/Stern Secured Claim").

**D.     The OC Media Lien**

43.     As stated above, in connection with the Lease, FCI was caused to issue the OC Media Note in the amount of $2,145,239.20 to "secure" its performance under the Lease.

44.     As stated above, to secure payment of FCI's obligations under the OC Media Note, OC Media caused Freedom SPV II to grant OC Media a lien against the Facility Property, in the form of the OC Media Lien.

45.     Freedom SPV II is not an obligor on the amounts owed to OC Media under the OC Media Note or otherwise.

46.     The books and records of Freedom SPV II do not reflect any consideration or value received by Freedom SPV II in exchange for the grant of the OC Media Lien against the Facility Property.

47.     Freedom SPV II did not receive any consideration or value in exchange for the grant of the OC Media Lien against the Facility Property.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

48.     Pursuant to Subordination Agreement dated September 19, 2014 between OC Media and Silver Point, OC Media acknowledged and agreed that the OC Media Lien was junior to the Silver Point Liens and the McEachen/Stern Lien.

49.     At the time of the grant of the OC Media Lien on September 19, 2014, the Facility Property was encumbered by the Silver Point Liens, a PBGC Lien and the McEachen/Stern Liens, which at that time secured no less than $25 million in claims.

50.     The Schedules list the secured claim of OC Media in the amount of $0.00.

51.     Based on the books and records of Freedom SPV II, at the time of the grant of the OC Media Lien on September 19, 2014, Freedom SPV II was insolvent, as the liabilities of Freedom SPV II (in light of the pre-existing liens against the Facility Property asserted by Silver Point, PBGC and McEachen/Stern, and the accrued claims in favor of the PBGC) exceeded the value of the Facility Property which was estimated to be approximately $13.8 million.

52.     Prior to the date of the Lease Performance Transfer, the Cactus Transfer, the Caribou Transfer, the OC Media Lien Transfer, the APA Transfer, the Access Rights Transfers and the Excess Rents Transfers, bona fide unsecured claims existed against Freedom SPV II and FCI, including the claims alleged by the PBGC, and such claims remain unpaid.

53.     After the date of the Lease Performance Transfer, the Cactus Transfer, the Caribou Transfer, the OC Media Lien Transfer, the APA Transfer, the Access Rights Transfers and the Excess Rents Transfers, bona fide unsecured claims accrued against Freedom SPV II and FCI that remain unpaid, including the claims alleged by the PBGC.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

# **COUNTERCLAIMS**

## **First Counterclaim**

(By Freedom SPV II against OC Media for Determination That the OC Media Lien Is Void

Pursuant to 11 U.S.C. § 506(a) and (d))

54.    Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 53, inclusive, as though fully set forth herein.

55.    The claims secured by the liens against the Facility Property that were senior to the OC Media Lien, as of the date this lien was recorded, and at all times thereafter through the date of the Sale, exceeded the value of the Facility Property.

56.    There was no value in the Facility Property (or the proceeds from the Sale thereof) to which the OC Media Lien could have attached.

57.    From the date OC Media Lien was recorded through the date of the filing of this counterclaim, OC Media did not hold an allowed secured claim against Freedom SPV II or its property.

58.    The OC Media Lien is void pursuant to 11 U.S.C. § 506(d).

## **Second Counterclaim**

(By SPV II against OC Media For Avoidance and Recovery of the Fraudulent OC Media

Lien Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)

59.    Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 58, inclusive, as though fully set forth herein.

60.    The OC Media Lien Transfer occurred during the two-year period immediately preceding the Petition Date.

61.    The OC Media Lien Transfer was made by Freedom SPV II to OC Media.

62.    The OC Media Lien Transfer granted OC Media a lien on the Facility Property, and therefore constitutes a transfer of an interest of Freedom SPV II in its property.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

ANSWER, COUNTERCLAIMS AND
CROSSCLAIMS

63.    Freedom SPV II did not receive reasonably equivalent value in exchange for the OC Media Lien Transfer.

64.    Freedom SPV II was insolvent at the time the OC Media Lien Transfer was made, or became insolvent as a result of the OC Media Lien Transfer.

65.    FCI was insolvent at the time of the OC Media Lien Transfer.

66.    At the time of the OC Media Lien Transfer, Freedom SPV II was engaged or was about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

67.    At the time of the OC Media Lien Transfer, Freedom SPV II intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

68.    OC Media is an initial transferee of the OC Media Lien Transfer.

69.    By reason of the foregoing, the OC Media Lien Transfer is avoidable, Freedom SPV II is entitled to set aside the OC Media Lien Transfer pursuant to 11 U.S.C. § 548(a)(1)(B), and it is entitled to recover the OC Media Lien Transfer or the value of same for the benefit of the estate pursuant to 11 U.S.C. § 550.

### Third Counterclaim

(By Freedom SPV II against OC Media For Avoidance and Recovery of the Fraudulent OC Media Lien Transfer Pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2))

70.    Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 69, inclusive, as though fully set forth herein.

71.    The OC Media Lien Transfer was made during the four-year period immediately preceding the Petition Date.

72.    Freedom SPV II did not receive reasonably equivalent value in exchange for the OC Media Lien Transfer.

ANSWER, COUNTERCLAIMS AND CROSSCLAIMS

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    73.    Freedom SPV II was insolvent at the time the OC Media Lien Transfer was

2  made, or became insolvent as a result of the same.

3    74.    At the time of the OC Media Lien Transfer, Freedom SPV II was engaged or

4  was about to engage in a business or transaction for which its remaining assets were

5  unreasonably small in relation to the business or transaction.

6    75.    At the time of the OC Media Lien Transfer, Freedom SPV II intended to

7  incur, or believed or reasonably should have believed that it would incur, debts beyond its

8  ability to pay as they became due.

9    76.    OC Media is an initial transferee of the OC Media Lien Transfer.

10    77.    By reason of the foregoing, the OC Media Lien Transfer is avoidable,

11  Freedom SPV II is entitled to set aside the OC Media Lien Transfer pursuant to 11 U.S.C.

12  § 544(b) and California Civil Code § 3439.04(a)(2), and is entitled to recover the OC

13  Media Lien Transfer or the value of same for the benefit of the estate pursuant to 11

14  U.S.C. § 550.

15                    **Fourth Counterclaim**

16    (By Freedom SPV II against OC Media For Avoidance and Recovery of the

17        Fraudulent OC Media Lien Transfer Pursuant to 11 U.S.C. § 544(b) and

18                    California Civil Code § 3439.05)

19    78.    Freedom SPV II incorporates each and every allegation contained in

20  paragraphs 1 through 77, inclusive, as though fully set forth herein.

21    79.    The OC Media Lien Transfer was made during the four-year period

22  immediately preceding the Petition Date.

23    80.    Freedom SPV II was insolvent at the time the OC Media Lien Transfer was

24  made, or became insolvent as a result of same.

25    81.    Freedom SPV II did not receive reasonably equivalent value in exchange for

26  the OC Media Lien Transfer.

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

82.    Freedom SPV II was insolvent at the time the OC Media Lien Transfer was made, or became insolvent as a result of same.

83.    OC Media is an initial transferee of the OC Media Lien Transfer.

84.    By reason of the foregoing, the OC Media Lien Transfer was avoidable, Freedom SPV II is entitled to set aside the OC Media Lien Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05, and it is entitled to recover the OC Media Lien Transfer or the value thereof for the benefit of the estate pursuant to 11 U.S.C. § 550.

### Fifth Counterclaim

(By Freedom SPV II against OC Media for Preservation of Recovered OC Media Lien Transfer Pursuant to 11 U.S.C. § 551)

85.    Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 84, inclusive, as though fully set forth herein.

86.    Pursuant to 11 U.S.C. § 551, the OC Media Line Transfer is preserved for the benefit of the estate as the OC Media Lien Transfer was avoidable under 11 U.S.C. §§ 544(b), 548 and 550 as set forth above.

### Sixth Counterclaim

(By SPV II against OC Media For Avoidance and Recovery of Fraudulent Lease Performance Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)

87.    Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 86, inclusive, as though fully set forth herein.

88.    The Lease Performance Transfer occurred during the two-year period immediately preceding the Petition Date.

89.    The Lease Performance Transfer was made by Freedom SPV II to OC Media from the proceeds of the APA Transfer.

90.    Freedom SPV II did not receive reasonably equivalent value in exchange for the Lease Performance Transfer.

91.     Freedom SPV II was insolvent at the time the Lease Performance Transfer was made, or became insolvent as a result of the Lease Performance Transfer.

92.     At the time of the Lease Performance Transfer, Freedom SPV II was engaged or was about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

93.     At the time of the Lease Performance Transfer, Freedom SPV II intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

94.     OC Media is an initial transferee of the Lease Performance Transfer.

95.     By reason of the foregoing, the Lease Performance Transfer is avoidable, Freedom SPV II is entitled to set aside the Lease Performance Transfer pursuant to 11 U.S.C. § 548(a)(1)(B), and it is entitled to recover the Lease Performance Transfer or the value of same for the benefit of the estate pursuant to 11 U.S.C. § 550.

## Seventh Counterclaim

(By Freedom SPV II against OC Media For Avoidance and Recovery of Fraudulent Lease

Performance Transfer Pursuant to 11 U.S.C. § 544(b)

and California Civil Code § 3439.04(a)(2))

96.     Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 95, inclusive, as though fully set forth herein.

97.     The Lease Performance Transfer was made during the four-year period immediately preceding the Petition Date.

98.     Freedom SPV II did not receive reasonably equivalent value in exchange for the Lease Performance Transfer.

99.     Freedom SPV II was insolvent at the time the Lease Performance Transfer was made, or became insolvent as a result of the same.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

ANSWER, COUNTERCLAIMS AND
CROSSCLAIMS

100.    At the time of the Lease Performance Transfer, Freedom SPV II was engaged or was about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

101.    At the time of the Lease Performance Transfer, Freedom SPV II intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

102.    OC Media is an initial transferee of the Lease Performance Transfer.

103.    By reason of the foregoing, the Lease Performance Transfer is avoidable, Freedom SPV II is entitled to set aside the Lease Performance Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2), and is entitled to recover the Lease Performance Transfer or the value of same for the benefit of the estate pursuant to 11 U.S.C. § 550.

## Eighth Counterclaim

(By Freedom SPV II against OC Media For Avoidance and Recovery of Fraudulent Lease Performance Transfer Pursuant to 11 U.S.C. § 544(b)

and California Civil Code § 3439.05)

104.    Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 103, inclusive, as though fully set forth herein.

105.    The Lease Performance Transfer was made during the four-year period immediately preceding the Petition Date.

106.    The Plaintiff was insolvent at the time the Lease Performance Transfer was made, or became insolvent as a result of same.

107.    Freedom SPV II did not receive reasonably equivalent value in exchange for the Lease Performance Transfer.

108.    Freedom SPV II was insolvent at the time the Lease Performance Transfer was made, or became insolvent as a result of same.

109.    OC Media is an initial transferee of the Lease Performance Transfer.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

110.   By reason of the foregoing, the Lease Performance Transfer was avoidable, Freedom SPV II is entitled to set aside the Lease Performance Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05, and it is entitled to recover the Lease Performance Transfer or the value thereof for the benefit of the estate pursuant to 11 U.S.C. § 550.

## Ninth Counterclaim

(By Freedom SPV II against OC Media for Preservation of Recovered Lease Performance Transfer Pursuant to 11 U.S.C. § 551)

111.   Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 110, inclusive, as though fully set forth herein.

112.   Pursuant to 11 U.S.C. § 551, the Lease Performance Transfer is preserved for the benefit of the estate as the Lease Performance Transfer was avoidable under 11 U.S.C. §§ 544(b), 548 and 550 as set forth above.

## Tenth Counterclaim

(By SPV II against OC Media For Avoidance and Recovery of Fraudulent APA Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)

113.   Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 112, inclusive, as though fully set forth herein.

114.   The APA Transfer was made during the four-year period immediately preceding the Petition Date.

115.   The APA Transfer was made by Freedom SPV II to OC Media and constituted a transfer of an interest of Freedom SPV II in its property.

116.   Freedom SPV II did not receive reasonably equivalent value in exchange for the APA Transfer.

117.   Freedom SPV II was insolvent at the time the APA Transfer was made, or became insolvent as a result of the APA Transfer.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

118.    At the time of the APA Transfer, Freedom SPV II was engaged or was about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

119.    At the time of the APA Transfer, Freedom SPV II intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

120.    OC Media is an initial transferee of the APA Transfer.

121.    By reason of the foregoing, the APA Transfer is avoidable, Freedom SPV II is entitled to set aside the APA Transfer pursuant to 11 U.S.C. § 548(a)(1)(B), and is entitled to recover the APA Transfer or the value of same for the benefit of the estate pursuant to 11 U.S.C. § 550.

## Eleventh Counterclaim

(By Freedom SPV II against OC Media For Avoidance and Recovery of Fraudulent APA Transfer Pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2))

122.     Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 121, inclusive, as though fully set forth herein.

123.    The APA Transfer was made during the four-year period immediately preceding the Petition Date.

124.    Freedom SPV II did not receive reasonably equivalent value in exchange for the APA Transfer.

125.    Freedom SPV II was insolvent at the time the APA Transfer was made, or became insolvent as a result of same.

126.    At the time of the APA Transfer, Freedom SPV II was engaged or was about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

ANSWER, COUNTERCLAIMS AND CROSSCLAIMS

127.   At the time of the APA Transfer, Freedom SPV II intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

128.   OC Media is an initial transferee of the APA Transfer.

129.   By reason of the foregoing, the APA Transfer was avoidable, Freedom SPV II is entitled to set aside the APA Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2), and it is entitled to recover the APA Transfer or the value thereof for the benefit of the estate pursuant to 11 U.S.C. § 550.

**Twelfth Counterclaim**

(By Freedom SPV II against OC Media For Avoidance and Recovery of Fraudulent APA Transfer Pursuant to 11 U.S.C. § 544(b) and California Civil Code §  3439.05)

130.   Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 129, inclusive, as though fully set forth herein.

131.   The APA Transfer was made during the four-year period immediately preceding the Petition Date.

132.   The Plaintiff was insolvent at the time the APA Transfer was made, or became insolvent as a result of same.

133.   Freedom SPV II did not receive reasonably equivalent value in exchange for the APA Transfer.

134.   Freedom SPV II was insolvent at the time the APA Transfer was made, or became insolvent as a result of same.

135.   OC Media is an initial transferee of the APA Transfer.

136.   By reason of the foregoing, the APA Transfer was avoidable, Freedom SPV II is entitled to set aside the APA Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05, and it is entitled to recover the APA Transfer or the value thereof for the benefit of the estate pursuant to 11 U.S.C. § 550.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### Thirteenth Counterclaim

(By Freedom SPV II against OC Media for Preservation of Recovered APA Transfer

Pursuant to 11 U.S.C. § 551)

137.   Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 136, inclusive, as though fully set forth herein.

138.   Pursuant to 11 U.S.C. § 551, the APA Transfer is preserved for the benefit of the estate as the APA Transfer was avoidable under 11 U.S.C. §§ 544(b), 548 and 550 as set forth above.

### Fourteenth Counterclaim

(By SPV II against OC Media For Avoidance and Recovery of the Fraudulent Access

Rights Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)

139.   Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 138, inclusive, as though fully set forth herein.

140.   The Access Rights Transfers occurred during the two-year period immediately preceding the Petition Date.

141.   The Access Rights Transfers were made by Freedom SPV II to the direct benefit of OC Media.

142.   The Access Rights Transfers granted OC Media rights from the Facility Property, and therefore constitute transfers of an interest of Freedom SPV II in its property.

143.   Freedom SPV II did not receive reasonably equivalent value in exchange for the Access Rights Transfers.

144.   Freedom SPV II was insolvent at the time the Access Rights Transfers were made, or became insolvent as a result of the Access Rights Transfers.

145.   At the time of the Access Rights Transfers, Freedom SPV II was engaged or was about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    146.   At the time of the Access Rights Transfers, Freedom SPV II intended to

2  incur, or believed or reasonably should have believed that it would incur, debts beyond its

3  ability to pay as they became due.

4    147.   OC Media is an initial transferee and direct beneficiary of the Access Rights

5  Transfers.

6    148.   By reason of the foregoing, the Access Rights Transfers are avoidable,

7  Freedom SPV II is entitled to set aside the Access Rights Transfers pursuant to 11 U.S.C.

8  § 548(a)(1)(B), and it is entitled to recover the Access Rights Transfers or the value of

9  same for the benefit of the estate pursuant to 11 U.S.C. § 550.

10                              **Fifteenth Counterclaim**

11   (By Freedom SPV II against OC Media For Avoidance and Recovery of the Fraudulent

12              Access Rights Transfers Pursuant to 11 U.S.C. § 544(b)

13                   and California Civil Code § 3439.04(a)(2))

14    149.   Freedom SPV II incorporates each and every allegation contained in

15  paragraphs 1 through 148, inclusive, as though fully set forth herein.

16    150.   The Access Rights Transfers were made during the four-year period

17  immediately preceding the Petition Date.

18    151.   Freedom SPV II did not receive reasonably equivalent value in exchange for

19  the Access Rights Transfers.

20    152.   Freedom SPV II was insolvent at the time the Access Rights Transfers were

21  made, or became insolvent as a result of the same.

22    153.   At the time of the Access Rights Transfers, Freedom SPV II was engaged or

23  was about to engage in a business or transaction for which its remaining assets were

24  unreasonably small in relation to the business or transaction.

25    154.   At the time of the Access Rights Transfers, Freedom SPV II intended to

26  incur, or believed or reasonably should have believed that it would incur, debts beyond its

27  ability to pay as they became due.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

155.   OC Media is an initial transferee and direct beneficiary of the Access Rights Transfers.

156.   By reason of the foregoing, the Access Rights Transfers are avoidable, Freedom SPV II is entitled to set aside the Access Rights Transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2), and is entitled to recover the Access Rights Transfers or the value of same for the benefit of the estate pursuant to 11 U.S.C. § 550.

### Sixteenth Counterclaim

(By Freedom SPV II against OC Media For Avoidance and Recovery of the Fraudulent

Access Rights Transfers Pursuant to 11 U.S.C. § 544(b)

and California Civil Code § 3439.05)

157.    Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 156, inclusive, as though fully set forth herein.

158.   The Access Rights Transfers were made during the four-year period immediately preceding the Petition Date.

159.   The Plaintiff was insolvent at the time the Access Rights Transfers were made, or became insolvent as a result of same.

160.   Freedom SPV II did not receive reasonably equivalent value in exchange for the Access Rights Transfers.

161.   Freedom SPV II was insolvent at the time the Access Rights Transfers were made, or became insolvent as a result of same.

162.   OC Media is an initial transferee and direct beneficiary of the Access Rights Transfers.

163.   By reason of the foregoing, the Access Rights Transfers are avoidable, Freedom SPV II is entitled to set aside the Access Rights Transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05, and it is entitled to recover the Access

1  Rights Transfers or the value thereof for the benefit of the estate pursuant to 11 U.S.C. §

2  550.

### Seventeenth Counterclaim

(By Freedom SPV II against OC Media for Preservation of the Recovered Access Rights

Transfers Pursuant to 11 U.S.C. § 551)

164.    Freedom SPV II incorporates each and every allegation contained in

paragraphs 1 through 163, inclusive, as though fully set forth herein.

165.    Pursuant to 11 U.S.C. § 551, the Access Rights Transfers are preserved for

the benefit of the estate as the Access Rights Transfers are avoidable under 11 U.S.C. §§

544(b), 548 and 550 as set forth above.

### Eighteenth Counterclaim

(By FCI against OC Media For Avoidance and Recovery of Fraudulent Excess Rent

Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)

166.    FCI incorporates each and every allegation contained in paragraphs 1

through 165, inclusive, as though fully set forth herein.

167.    The Excess Rent Transfers occurred during the two-year period immediately

preceding the Petition Date.

168.    The Excess Rent Transfers were made by FCI to OC Media and therefore

constitute transfers of an interest of FCI in its property.

169.    FCI did not receive reasonably equivalent value in exchange for the Excess

Rent Transfers.

170.    FCI was insolvent at the time the Excess Rent Transfers were made, or

became insolvent as a result of the Excess Rent Transfers.

171.    At the time of the Excess Rent Transfers, FCI was engaged or was about to

engage in a business or transaction for which its remaining assets were unreasonably

small in relation to the business or transaction.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

ANSWER, COUNTERCLAIMS AND
CROSSCLAIMS

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    172.    At the time of the Excess Rent Transfers, FCI intended to incur, or believed

2    or reasonably should have believed that it would incur, debts beyond its ability to pay as

3    they became due.

4    173.    OC Media is an initial transferee of the Excess Rent Transfers.

5    174.    By reason of the foregoing, the Excess Rent Transfers are avoidable, FCI is

6    entitled to set aside the Excess Rent Transfers pursuant to 11 U.S.C. § 548(a)(1)(B), and

7    it is entitled to recover the Excess Rent Transfers or the value of same for the benefit of

8    the estate pursuant to 11 U.S.C. § 550.

9    **Nineteenth Counterclaim**

10    (By FCI against OC Media For Avoidance and Recovery of Fraudulent Excess Rent

11    Transfers Pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2))

12    175.    FCI incorporates each and every allegation contained in paragraphs 1

13    through 174, inclusive, as though fully set forth herein.

14    176.    The Excess Rent Transfers were made during the four-year period

15    immediately preceding the Petition Date.

16    177.    FCI did not receive reasonably equivalent value in exchange for the Excess

17    Rent Transfers.

18    178.    FCI was insolvent at the time the Excess Rent Transfers were made, or

19    became insolvent as a result of the same.

20    179.    At the time of the Excess Rent Transfers, FCI was engaged or was about to

21    engage in a business or transaction for which its remaining assets were unreasonably

22    small in relation to the business or transaction.

23    180.    At the time of the Excess Rent Transfers, FCI intended to incur, or believed

24    or reasonably should have believed that it would incur, debts beyond its ability to pay as

25    they became due.

26    181.    OC Media is an initial transferee of the Excess Rent Transfers.

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

182.   By reason of the foregoing, the Excess Rent Transfers are avoidable, FCI is entitled to set aside the Excess Rent Transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2), and is entitled to recover the Excess Rent Transfers or the value of same for the benefit of the estate pursuant to 11 U.S.C. § 550.

### Twentieth Counterclaim

(By FCI against OC Media For Avoidance and Recovery of Fraudulent Excess Rent Transfers Pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05)

183.   FCI incorporates each and every allegation contained in paragraphs 1 through 182, inclusive, as though fully set forth herein.

184.   The Excess Rent Transfers were made during the four-year period immediately preceding the Petition Date.

185.   FCI was insolvent at the time the Excess Rent Transfers were made, or became insolvent as a result of same.

186.   FCI did not receive reasonably equivalent value in exchange for the Excess Rent Transfers.

187.   FCI was insolvent at the time the Excess Rent Transfers were made, or became insolvent as a result of same.

188.   OC Media is an initial transferee of the Excess Rent Transfers.

189.   By reason of the foregoing, the Excess Rent Transfers were avoidable, FCI is entitled to set aside the Excess Rent Transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05, and it is entitled to recover the Excess Rent Transfers or the value thereof for the benefit of the estate pursuant to 11 U.S.C. § 550.

### Twenty-First Counterclaim

(By FCI against OC Media for Preservation of Recovered Excess Rent Transfers Pursuant to 11 U.S.C. § 551)

190.   FCI incorporates each and every allegation contained in paragraphs 1 through 189, inclusive, as though fully set forth herein.

1    191.   Pursuant to 11 U.S.C. § 551, the Excess Rent Transfers are preserved for

2  the benefit of the estate as the Excess Rent Transfers are avoidable under 11 U.S.C. §§

3  544(b), 548 and 550 as set forth above.

4                              **CROSSCLAIMS**

5                              **First Crossclaim**

6    (By Freedom SPV II against Cactus For Avoidance and Recovery of Fraudulent Cactus

7                Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)

8    192.   Freedom SPV II incorporates each and every allegation contained in

9  paragraphs 1 through 191, inclusive, as though fully set forth herein.

10    193.   The Cactus Transfer was made by Freedom SPV II to Cactus and was a

11  transfer of an interest of Freedom SPV II in its property.

12    194.   Freedom SPV II is informed and believes and thereon asserts that it did not

13  receive reasonably equivalent value in exchange for the Cactus Transfer.

14    195.   Freedom SPV II was insolvent at the time the Cactus Transfer was made, or

15  became insolvent as a result of the Cactus Transfer.

16    196.   At the time of the Cactus Transfer, Freedom SPV II was engaged or was

17  about to engage in a business or transaction for which its remaining assets were

18  unreasonably small in relation to the business or transaction.

19    197.   At the time of the Cactus Transfer, Freedom SPV II intended to incur, or

20  believed or reasonably should have believed that it would incur, debts beyond its ability to

21  pay as they became due.

22    198.   Cactus is an initial transferee of the Cactus Transfer.

23    199.   By reason of the foregoing, the Cactus Transfer is avoidable, Freedom SPV

24  II is entitled to set aside the Cactus Transfer pursuant to 11 U.S.C. § 548(a)(1)(B), and it

25  is entitled to recover the Cactus Transfer or the value of same for the benefit of the estate

26  pursuant to 11 U.S.C. § 550.

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### Second Crossclaim

(By Freedom SPV II against Cactus For Avoidance and Recovery of Fraudulent Cactus

Transfer Pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2))

200.    Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 199, inclusive, as though fully set forth herein.

201.    The Cactus Transfer was made during the four-year period immediately preceding the Petition Date.

202.    Freedom SPV II is informed and believes and thereon asserts that it did not receive reasonably equivalent value in exchange for the Cactus Transfer.

203.    Freedom SPV II was insolvent at the time the Cactus Transfer was made, or became insolvent as a result of same.

204.    At the time of the Cactus Transfer, Freedom SPV II was engaged or was about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

205.    At the time of the Cactus Transfer, Freedom SPV II intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

206.    Cactus is an initial transferee of the Cactus Transfer.

207.    By reason of the foregoing, the Cactus Transfer is avoidable, Freedom SPV II is entitled to set aside the Cactus Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2), and it is entitled to recover the Cactus Transfer or the value of same for the benefit of the estate pursuant to 11 U.S.C. § 550.

### Third Crossclaim

(By Freedom SPV II against Cactus For Avoidance and Recovery of Fraudulent Cactus

Transfer Pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05)

208.     Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 207, inclusive, as though fully set forth herein.

209.   The Cactus Transfer was made during the four-year period immediately preceding the Petition Date.

210.   Freedom SPV II was insolvent at the time the Cactus Transfer was made, or became insolvent as a result of same.

211.   Freedom SPV II is informed and believes and thereon asserts that it did not receive reasonably equivalent value in exchange for the Cactus Transfer.

212.   Freedom SPV II was insolvent at the time the Cactus Transfer was made, or became insolvent as a result of same.

213.   Cactus is an initial transferee of the Cactus Transfer.

214.   By reason of the foregoing, the Cactus Transfer was avoidable, Freedom SPV II is entitled to set aside the Cactus Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05, and it is entitled to recover the Cactus Transfer or the value thereof for the benefit of the estate pursuant to 11 U.S.C. § 550.

## Fourth Crossclaim

(By Freedom SPV II against Cactus for Preservation of Recovered Cactus Transfer Pursuant to 11 U.S.C. § 551)

215.   Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 214, inclusive, as though fully set forth herein.

216.   Pursuant to 11 U.S.C. § 551, the Cactus Transfer is preserved for the benefit of the estate as the Cactus Transfer is avoidable under 11 U.S.C. §§ 544(b), 548 and 550 as set forth above and below.

## Fifth Crossclaim

(By Freedom SPV II against Caribou For Avoidance and Recovery of Fraudulent Caribou Transfer Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550)

217.   Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 216, inclusive, as though fully set forth herein.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

ANSWER, COUNTERCLAIMS AND CROSSCLAIMS

218.    The Caribou Transfer occurred during the two-year period immediately preceding the Petition Date.

219.    The Caribou Transfer was made by Freedom SPV II to Caribou.

220.    The Caribou Transfer was a transfer of an interest of Freedom SPV II in its property.

221.    Freedom SPV II is informed and believes and thereon asserts that it did not receive reasonably equivalent value in exchange for the Caribou Transfer.

222.    Freedom SPV II was insolvent at the time the Caribou Transfer was made, or became insolvent as a result of the Caribou Transfer.

223.    At the time of the Caribou Transfer, Freedom SPV II was engaged or was about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

224.    At the time of the Caribou Transfer, Freedom SPV II intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

225.    Caribou is an initial transferee of the Caribou Transfer.

226.    By reason of the foregoing, the Caribou Transfer is avoidable, Freedom SPV II is entitled to set aside the Caribou Transfer pursuant to 11 U.S.C. § 548(a)(1)(B), and it is entitled to recover the Caribou Transfer or the value of same for the benefit of the estate pursuant to 11 U.S.C. § 550.

### Sixth Crossclaim

(By Freedom SPV II against Caribou For Avoidance and Recovery of Fraudulent Caribou Transfer Pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2))

227.    Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 226, inclusive, as though fully set forth herein.

228.    The Caribou Transfer was made during the four-year period immediately preceding the Petition Date.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1   229.   Freedom SPV II is informed and believes and thereon asserts that it did not

2   receive reasonably equivalent value in exchange for the Caribou Transfer.

3   230.   Freedom SPV II was insolvent at the time the Caribou Transfer was made,

4   or became insolvent as a result of the same.

5   231.   At the time of the Caribou Transfer, Freedom SPV II was engaged or was

6   about to engage in a business or transaction for which its remaining assets were

7   unreasonably small in relation to the business or transaction.

8   232.   At the time of the Caribou Transfer, Freedom SPV II intended to incur, or

9   believed or reasonably should have believed that it would incur, debts beyond its ability to

10   pay as they became due.

11   233.   Caribou is an initial transferee of the Caribou Transfer.

12   234.   By reason of the foregoing, the Caribou Transfer is avoidable, Freedom SPV

13   II is entitled to set aside the Caribou Transfer pursuant to 11 U.S.C. § 544(b) and

14   California Civil Code § 3439.04(a)(2), and it is entitled to recover the Caribou Transfer or

15   the value of same for the benefit of the estate pursuant to 11 U.S.C. § 550.

16   **Seventh Crossclaim**

17   (By Freedom SPV II against Caribou For Avoidance and Recovery of Fraudulent Caribou

18   Transfer Pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05)

19   235.    Freedom SPV II incorporates each and every allegation contained in

20   paragraphs 1 through 234, inclusive, as though fully set forth herein.

21   236.   The Caribou Transfer was made during the four-year period immediately

22   preceding the Petition Date.

23   237.   The Plaintiff was insolvent at the time the Caribou Transfer was made, or

24   became insolvent as a result of same.

25   238.   Freedom SPV is informed and believes and thereon asserts that it II did not

26   receive reasonably equivalent value in exchange for the Caribou Transfer.

27

28

ANSWER, COUNTERCLAIMS AND
CROSSCLAIMS

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

239.    Freedom SPV II was insolvent at the time the Caribou Transfer was made, or became insolvent as a result of same.

240.    Caribou is an initial transferee of the Caribou Transfer.

241.    By reason of the foregoing, the Caribou Transfer was avoidable, Freedom SPV II is entitled to set aside the Caribou Transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05, and it is entitled to recover the Caribou Transfer or the value thereof for the benefit of the estate pursuant to 11 U.S.C. § 550.

## Eighth Crossclaim

(By Freedom SPV II against Caribou for Preservation of Recovered Caribou Transfer Pursuant to 11 U.S.C. § 551)

242.    Freedom SPV II incorporates each and every allegation contained in paragraphs 1 through 241, inclusive, as though fully set forth herein.

243.    Pursuant to 11 U.S.C. § 551, the Caribou Transfer is preserved for the benefit of the estate as the Caribou Transfer is avoidable under 11 U.S.C. §§ 544(b), 548 and 550 as set forth above and below.

## Reservation Of Rights

244.    FCI (as to its Counterclaims) and Freedom SPV II (as to its Counterclaims and Crossclaims) reserve all rights to amend their respective Counterclaims and Crossclaims, to include, among other things: (i) further information regarding the transfers subject thereto; (ii) additional transfers; (iii) modifications of and revisions to the names of counter and cross-defendants; (iv) additional cross or counter-defendants; and (v) additional causes of action, that may become known to FCI or Freedom SPV II at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to their respective Counterclaim and Crossclaim.

245.    FCI and Freedom SPV II reserve the right to bring all other claims that either of them might have against counter and cross-defendants, on any and all grounds, as allowed under the law or in equity.  Additionally, nothing contained herein shall be

1  construed as a waiver of FCI or Freedom SPV II's or the other Debtors' rights to object to

2  any proof of claim filed by any of the counter or cross-defendants. To the contrary such

3  rights are expressly preserved.

4       **WHEREFORE**, FCI and Freedom SPV II pray that the Court enter a judgment

5  against defendants and cross-defendants as follows:

6                      **On the First Counterclaim**

7       A.      Determining that the OC Media Lien Is void pursuant to 11 U.S.C. § 506(d).

8                     **On the Second Counterclaim**

9       B.      Avoiding the OC Media Lien Transfer and declaring such transfer annulled

10  and rendered void as a fraudulent transfer pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

11                      **On the Third Counterclaim**

12       C.      Avoiding the OC Media Lien Transfer and declaring such transfer annulled

13  and rendered void as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and California

14  Civil Code § 3439.04(a)(2).

15                     **On the Fourth Counterclaim**

16       D.      Avoiding the OC Media Lien Transfer and declaring such transfer annulled

17  and rendered void as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and California

18  Civil Code § 3439.05.

19                      **On the Fifth Counterclaim**

20       E.      For preservation of the OC Media Lien Transfer for the benefit of the estate

21  pursuant to 11 U.S.C. § 551.

22                      **On the Sixth Counterclaim**

23       F.      Avoiding the Lease Performance Transfer and declaring such transfer

24  annulled and rendered void as a fraudulent transfer pursuant to 11 U.S.C. §§ 548(a)(1)(B)

25  and 550.

26

27

28

ANSWER, COUNTERCLAIMS AND
CROSSCLAIMS

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### On the Seventh Counterclaim

G.      Avoiding the Lease Performance Transfer and declaring such transfer annulled and rendered void as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2).

### On the Eighth Counterclaim

H.      Avoiding the Lease Performance Transfer and declaring such transfer annulled and rendered void as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05.

### On the Ninth Counterclaim

I.      For preservation of the Lease Performance Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551.

### On the Tenth Counterclaim

J.      Avoiding the APA Transfer and declaring such transfer annulled and rendered void as a fraudulent transfer pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

### On the Eleventh Counterclaim

K.      Avoiding the APA Transfer and declaring such transfer annulled and rendered void as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2).

### On the Twelfth Counterclaim

L.      Avoiding the APA Transfer and declaring such transfer annulled and rendered void as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05.

### On theThirteenth Counterclaim

M.      For preservation of the APA Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### On the Fourteenth Counterclaim

N.    Avoiding the Access Rights Transfers and declaring such transfers annulled and rendered void as fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

### On the Fifteenth Counterclaim

O.    Avoiding the Access Rights Transfers and declaring such transfers annulled and rendered void as fraudulent transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2).

### On the Sixteenth Counterclaim

P.    Avoiding the Access Rights Transfers and declaring such transfers annulled and rendered void as fraudulent transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05.

### On the Seventeenth Counterclaim

Q.    For preservation of the Access Rights Transfers for the benefit of the estate pursuant to 11 U.S.C. § 551.

### On the Eighteenth Counterclaim

R.    Avoiding the Excess Rent Transfers and declaring such transfers annulled and rendered void as fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

### On the Nineteenth Counterclaim

S.    Avoiding the Excess Rent Transfers and declaring such transfers annulled and rendered void as fraudulent transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2).

### On the Twentieth Counterclaim

T.    Avoiding the Excess Rent Transfers and declaring such transfers annulled and rendered void as fraudulent transfers pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05.

ANSWER, COUNTERCLAIMS AND
CROSSCLAIMS

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

### On the Twenty-First Counterclaim

U.     For preservation of the Excess Rent Transfers for the benefit of the estate pursuant to 11 U.S.C. § 551.

### On the First Crossclaim

V.     Avoiding the Cactus Transfer and declaring such transfer annulled and rendered void as a fraudulent transfer pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

### On the Second Crossclaim

W.     Avoiding the Cactus Transfer and declaring such transfer annulled and rendered void as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2).

### On the Third Crossclaim

X.     Avoiding the Cactus Transfer and declaring such transfer annulled and rendered void as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.05.

### On the Fourth Crossclaim

Y.     For preservation of the Cactus Transfer for the benefit of the estate pursuant to 11 U.S.C. § 551.

### On the Fifth Crossclaim

Z.     Avoiding the Caribou Transfer and declaring such transfer annulled and rendered void as a fraudulent transfer pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550.

### On the Sixth Crossclaim

AA.     Avoiding the Caribou Transfer and declaring such transfer annulled and rendered void as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and California Civil Code § 3439.04(a)(2).

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    **On the Seventh Crossclaim**

2        BB.    Avoiding the Caribou Transfer and declaring such transfer annulled and

3    rendered void as a fraudulent transfer pursuant to 11 U.S.C. § 544(b) and California Civil

4    Code § 3439.05.

5    **On the Eighth Crossclaim**

6        CC.    For preservation of the Caribou Transfer for the benefit of the estate

7    pursuant to 11 U.S.C. § 551.

8    **On all Crossclaims and Counterclaims**

9        DD.    FCI and Freedom SPV II be awarded their costs and attorneys' fees incurred

10   in this action; and

11       EE.    For such other and further relief as the Court deems just and proper.

12

13

14   Dated:  June 15, 2016

Respectfully submitted,
LOBEL WEILAND GOLDEN FRIEDMAN LLP

15

16

17   By:    _____
         WILLIAM N. LOBEL
18       ALAN J. FRIEDMAN
         SEAN A. O'KEEFE
19       BETH E. GASCHEN
         Attorneys for
20       Freedom Communications, Inc.
         and Freedom SPV II, LLC

21

22

23

24

25

26

27

28

DOCS_LA:299154.5 29266-002                43              ANSWER , COUNTERCLAIMS AND
                                                                      CROSSCLAIMS

| In re: | CHAPTER: **11** |
| **Freedom Communications, Inc., a Delaware corporation, Inc., et al.**<br>Debtor(s). | CASE NUMBER: **8:15-bk-15311-MW**<br>**(Jointly Administered)**<br>**Adv. Case No.:  8:16:ap-01116 MW** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 950**
**Costa Mesa, CA  92626**

A true and correct copy of the foregoing document entitled **ANSWER TO COMPLAINT TO DETERMINE THE VALIDITY, EXTENT AND PRIORITY OF PLAINTIFF'S LIEN, AND COUNTERCLAIMS AND CROSSCLAIMS FOR: 1) DETERMINATION THAT LIEN IS VOID PURSUANT TO 11 U.S.C. § 506(d); 2) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) AND 550; 3) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 550, AND CALIFORNIA CIVIL CODE § 3439.04(a)(2); 4) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544(b), 550 AND CALIFORNIA CIVIL CODE § 3439.05; AND 5) PRESERVATION OF TRANSFERS PURSUANT TO 11 U.S.C. § 551** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 15, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 15, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

The Honorable Mark S. Wallace
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, 6th Floor Courtesy Bin
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/15/2016 | Nancy Lockwood | /s/ Nancy Lockwood |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **9013-3.1.PROOF.SERVICE**

| In re:<br><br>**Freedom Communications, Inc., a Delaware corporation, Inc., et al.**<br><br>Debtor(s). | CHAPTER: **11**<br><br>CASE NUMBER: **8:15-bk-15311-MW**<br>**(Jointly Administered)**<br><br>**Adv. Case No.:  8:16:ap-01116 MW** |
| --- | --- |

1.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Alan J Friedman**     afriedman@wgllp.com, nlockwood@wgllp.com;jokeefe@wgllp.com;banavim@wgllp.com

- **Ryan D ODea**     rodea@shbllp.com, sswartzell@shbllp.com

- **United States Trustee (SA)**     ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**