1   William N. Lobel, State Bar No. 93202
    wlobel@lwgfllp.com
2   Alan J. Friedman, State Bar No. 132580
    afriedman@lwgfllp.com
3   Sean A. O'Keefe, State Bar No. 122417
    sokeefe@lwgfllp.com
4   Beth E. Gaschen, State Bar No. 245894
    bgaschen@lwgfllp.com
5   **LOBEL WEILAND GOLDEN FRIEDMAN LLP**
    650 Town Center Drive, Suite 950
6   Costa Mesa, California 92626
    Tel.: 714-966-1000 / Fax: 714-966-1002

7   Attorneys for defendant and counter-claimant Freedom
    Communications, Inc., and defendant, counter-claimant,
8   and cross-claimant FSPV II, LLC

9                 **UNITED STATES BANKRUPTCY COURT**

10        **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| 11   In re | Case No. 8:15-bk-15311-MW[1] |
| 12   FREEDOM COMMUNICATIONS, INC., a Delaware corporation, et al., | Chapter 11 |
| 13   Debtors and Debtors-in-Possession. | Adv. No. 8:16-ap-01116-MW |
| 14   OC MEDIA TOWER, L.P., a California limited partnership, | **STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL ADJUDICATION OF FACTS AND ISSUES OF LAW AGAINST OC MEDIA TOWER, L.P., CACTUS FINANCIAL, INC. AND CARIBOU INDUSTRIES, INC.** |
| 15 | |
| 16                    Plaintiff, | |
|         v. | |
| 17 | |
| 18   FREEDOM COMMUNICATIONS, INC., a Delaware Corporation, and FSPV II, LLC, a Delaware limited liability company, | |
| 19   Defendants. | **Hearing Date and Time:** |
| 20   FREEDOM COMMUNICATIONS, INC., a Delaware corporation and FSPV II, LLC, a Delaware limited liability company, | Date:         January 18, 2017 |
| 21 | Time:        9:00 a.m. |
|                   Counter and Cross-Claimants, | Place:        Courtroom 6C |
| 22 |                 411 W. Fourth Street |
| 23 |                 Santa Ana, CA  92701 |
|         v. | |
| 24 | |

25   _____

[1]Jointly Administered with Case Nos. 8:15-bk-15312-MW; 8:15-bk-15313-MW; 8:15-bk-15315-MW; 8:15-bk-
26   15316-MW; 8:15-bk-15317-MW; 8:15-bk-15318-MW; 8:15-bk-15319-MW; 8:15-bk-15320-MW; 8:15-bk-
     15321-MW; 8:15-bk-15322-MW; 8:15-bk-15323-MW; 8:15-bk-15324-MW; 8:15-bk-15325-MW; 8:15-bk-
27   15326-MW; 8:15-bk-15327-MW; 8:15-bk-15328-MW; 8:15-bk-15329-MW; 8:15-bk-15330-MW; 8:15-bk-
     15332-MW; 8:15-bk-15337-MW; 8:15-bk-15339-MW; 8:15-bk-15340-MW; 8:15-bk-15342-MW; 8:15-bk-
28   15343-MW.
     1097005.6
                                                    STATEMENT OF UNDISPUTED FACTS
                                                    AND CONCLUSIONS OF LAW

*Lobel Weiland Golden Friedman LLP*
*650 Town Center Drive, Suite 950*
*Costa Mesa, California 92626*
*Tel 714-966-1000  Fax 714-966-1002*

1  OC MEDIA TOWER, L.P., a California
   limited partnership,

2              Counter-Defendant,

3  -and-

4  CACTUS FINANCIAL, INC. a California
   corporation and CARIBOU INDUSTRIES,
5  INC., a Nevada corporation,

6              Cross-Defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STATEMENT OF UNDISPUTED FACTS
AND CONCLUSIONS OF LAW

Freedom Communications, Inc., a Delaware corporation ("FCI") and FSPV II, LLC,
a Delaware limited liability company ("FSPV II" and, together with FCI, the "Movants"),
hereby submit the within *Statement of Undisputed Facts and Conclusions of Law* in
support of Movants' concurrently filed *Motion for Summary Judgment and/or Partial
Adjudication of Facts and Issues of Law Against OC Media Tower, L.P., Cactus Financial,
Inc. and Caribou Industries, Inc.* (the "Motion").[2]

| No. | Fact | Evidence |
|---|---|---|
| 1. | FCI and FSPV II filed their voluntary chapter 11 bankruptcy petitions on November 1, 2015 (the "Petition Date"), commencing Case No. 8:15-bk-15311-MW and Case No. 8:15-bk-15337-MW (respectively, the "FCI Bankruptcy Case" and the "FSPV II Bankruptcy Case"). | OC Media Answers, ¶ 4; Docket No. 1, Case No. 8:15-bk-15311-MW and Case No. 8:15-bk-15337-MW; C.D. Dec. ¶ 7 |
| 2. | FSPV II is wholly owned by Freedom SPV I, LLC, a Delaware limited liability company ("FSPV I"). | OC Media Answers, ¶ 17; C.D. Dec. ¶ 5 |
| 3. | Seventy-nine percent (79%) of FSPV I is owned by FCI. | OC Media Answers, ¶ 16; C.D. Dec. ¶ 5 |

---

[2] Capitalized terms that are not otherwise defined herein have the meanings ascribed to such terms in the Motion.

STATEMENT OF UNDISPUTED FACTS
AND CONCLUSIONS OF LAW

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | |
|---|---|---|
| 4. | One hundred percent (100%) of FCI is owned by Freedom Communications Holdings, Inc., a Delaware corporation ("FCHI"). | OC Media Answers, ¶ 15; C.D. Dec. ¶ 5 |
| 5. | One hundred percent (100%) of FCHI is owned by 2100 Freedom, Inc., a Delaware corporation ("2100 Freedom"). | OC Media Answers, ¶ 14; C.D. Dec. ¶ 5 |
| 6. | The claims asserted in this adversary proceeding arise out of and relate to the bankruptcy cases of Freedom Communications, Inc., et. al., jointly-administered chapter 11 cases bearing Lead Case No. 8:15-bk-15311-MW, currently pending in the United States Bankruptcy Court, Central District of California (the "Debtors' Bankruptcy Cases"). | OC Media Answers, ¶ 3; C.D. Dec. ¶ 7 |
| 7. | As of the Petition Date and prior to the sale of substantially all of their assets in late March 2016 (defined hereinbelow as the "Sale"), FCI and its affiliated Debtors, which were also located in Santa Ana, California, were in the entertainment and media business.  The Debtors' media portfolio included daily and weekly newspapers, magazines and other specialty publications.  The Orange County Register was the Debtors' flagship publication. | OC Media Answers, ¶ 13; C.D. Dec. ¶ 8 |
| 8. | On September 19, 2014, FSPV II sold a five-story office building and an appurtenant parking structure and land area (the "Office Building") to OC Media Tower, L.P. ("OC Media"), pursuant to an "Agreement of Purchase and Sale" (the "APA"). | OC Media Answers, ¶ 18; OC Media Complaint, Exhibit "A;" C.D. Dec. ¶ 9 |
| 9. | Section 2.1 of APA stated that the purchase price payable to FSPV II was $27,000,000 (the "Purchase Price").  One hundred | OC Media Complaint, |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

| | | | |
|---|---|---|---|
| 1<br>2<br>3 | | thousand dollars ($100,000) of this sum was payable as an initial deposit, and the "balance of the Purchase Price" was "due and payable to Seller at Closing." | Exhibit "A;"<br>C.D. Dec. ¶ 10 |
| 4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14 | 10. | FSPV II did not receive $27,000,000 in "value" from the sale of the Office Building, a price that was already at the bottom of the Office Building's fair market value range.  To the contrary, FSPV II received substantially less value than $17.2 million due primarily[3] to the over $7.65 million in fraudulent transfers that were paid from this pot of funds, at OC Media's insistence, to it and its affiliates, Cactus Financial, Inc. ("Cactus Financial") and Caribou Industries, Inc. ("Caribous Industries"), and the grant of the $2.145 million OC Media Lien (as defined herein), which had the immediate impact of reducing the value of FSPV II's estate in that amount. | C.D. Dec.<br>¶¶ 11 and 12,<br>Exhibit "A" |
| 15<br>16<br>17<br>18<br>19<br>20<br>21<br>22<br>23<br>24 | 11. | These payments include the following (collectively the "Cash Transfers"):  (a) A $4,290,478.40 payment to OC Media to insure FCI's performance under the terms of the Lease (the "Lease Performance Transfer"); (b) a $3,000,000 payment to Cactus Financial as a purported "Property Acquisition Disbursement" fee (the "Cactus Transfer"); and (c) a $360,000 payment to Caribou Industries as a "Capital Markets Fee" (the "Caribou Transfer"). The Cash Transfers totaled $7,650,478.40.  A true and correct copy of the Office Building Sale Closing Statement showing these Cash Transfers is attached to the C.D. Dec. as Exhibit "A." | C.D. Dec.<br>¶¶ 12 and 13,<br>Exhibit "A" |
| 25<br>26 | 12. | Concurrent with the closing of the APA, FCI, as tenant, and OC Media, as the new owner-landlord, entered into a lease (the | OC Media<br>Answers, ¶ 19; |

27

[3] Approximately $1.3 million was paid from the proceeds for closing costs and related items.

28

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| | | |
|---|---|---|
| | "Lease"), pursuant to which FCI leased the Office Building from OC Media for a period of twenty years. | OC Media Complaint, Exhibit "B;" C.D. Dec. ¶ 14 |
| 13. | FSPV II was not a party to the Lease, nor an obligor thereunder. | C.D. Dec. ¶ 14 |
| 14. | The books and records of FSPV II do not reflect any consideration or value received by FSPV II in exchange for the Cash Transfers or from the Lease transaction. | C.D. Dec. ¶ 15 |
| 15. | FSPV II did not receive any consideration or value in exchange for the Cash Transfers or from the Lease transaction. | C.D. Dec. ¶ 16 |
| 16. | The Debtors are not aware of any services or value provided by Cactus Financial or Caribou Industries in connection with the sale of the Office Building. | C.D. Dec. ¶ 17 |
| 17. | To secure repayment of FCI's obligations under a promissory note caused to be issued by FCI to OC Media in the amount of $2,145,239.20, reflecting a hold back for FCI's performance under the Lease (the "OC Media Note"), FSPV II was caused to grant a lien in favor of OC Media against real property owned by FSPV II (defined hereinbelow as the "Facility Property"), which lien was represented by a Deed of Trust with Assignment of Rents, recorded by OC Media in the Orange County Recorder's Office on September 19, 2014, as Instrument No. 2014000381741 (the "OC Media Lien").  A certified copy of the duly recorded OC Media Lien is attached to the C.D. Dec. as Exhibit "B." | OC Media Answers, ¶¶ 21(6), 43-44; OC Media Complaint, Exhibits "C" and "D;" C.D. Dec. ¶ 18, Exhibit "B" |
| 18. | FSPV II was not a party to the OC Media Note, nor an obligor thereunder. | OC Media Complaint, |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| | | |
|---|---|---|
| | | Exhibit "C;" C.D. Dec. ¶ 19 |
| 19. | The books and records of FSPV II do not reflect any consideration or value received by FSPV II in exchange for the grant of the OC Media Lien against the Facility Property. | C.D. Dec. ¶ 23 |
| 20. | FSPV II did not receive any consideration or value in exchange for the grant of the OC Media Lien against the Facility Property | C.D. Dec. ¶ 24 |
| 21. | Pursuant to a Subordination Agreement dated September 19, 2014 between OC Media and the Debtors' senior secured lender, Silver Point (as defined herein), OC Media acknowledged and agreed that the OC Media Lien was junior to the Silver Point Liens and the McEachen/Stern Lien (as such terms are defined herein).  A true and correct copy of the Subordination Agreement is attached to the C.D. Dec. as Exhibit "C." | C.D. Dec. ¶ 20; Exhibit "C" |
| 22. | From the proceeds of the sale of the Office Building to OC Media, the Debtors' senior secured lender, Silver Point (as defined herein), was paid the amount of approximately $18 million, reducing the amount of its senior secured debt against the Debtors' remaining assets to approximately $19 million as of the date of the granting of the OC Media Lien and as of the Petition Date. | OC Media Complaint, ¶ 49; C.D. Dec. ¶ 21 |
| 23. | As evidenced by the Office Building Sale Closing Statement, exclusive of fees, commissions and escrow/title charges, the sale proceeds were required to be paid directly either to Silver Point (approximately $18 million) or to entities related to OC Media's principal (in excess of $7.65 million).  No proceeds of the sale of the Office Building were retained by FSPV II, FCI or any of the | C.D. Dec. ¶ 22; Exhibit "A" |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | | |
|---|---|---|---|
| 1 | | other Debtors, and consequently, no proceeds were available for | |
| 2 | | use by any of the Debtors in their on-going business operations. | |
| 3 | | A true and correct copy of the Office Building Sale Closing | |
| 4 | | Statement is attached to the C.D. Dec. as Exhibit "A." | |

| | | | |
|---|---|---|---|
| 5 | 24. | After the closing of the sale of the Office Building, through the | OC Media |
| 6 | | date of the sale of substantially all of the Debtors' assets in the | Answer, ¶ 26; |
| 7 | | Debtors' Bankruptcy Cases on March 30, 2016 (defined herein as | C.D. Dec. ¶ 18 |
| 8 | | the "Sale"), FSPV II was the sole owner of the real property | |
| 9 | | consisting of land, printing facilities and parking areas | |
| 10 | | surrounding 625 N. Grand Avenue, Santa Ana, California 92701 | |
| 11 | | (collectively, the "Facility Property").  The land is more fully | |
| 12 | | described as follows: | |

PARCEL A:

PARCEL 1, IN THE CITY OF SANTA ANA,
COUNTY OF ORANGE, STATE OF CALIFORNIA,
AS SHOWN ON EXHIBIT "B" ATTACHED TO LOT
LINE ADJUSTMENT LL 2014-02 RECORDED
SEPTEMBER 18, 2014 AS INSTRUMENT NO.
2014000379109 OF OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA. EXCEPTING
THEREFROM OIL AND MINERAL RIGHTS BY
DEED RECORDED IN BOOK 3833, PAGE 264
OF OFFICIAL RECORDS.

PARCEL B:

PARCEL 2, IN THE CITY OF SANTA ANA,
COUNTY OF ORANGE, STATE OF CALIFORNIA,
AS SHOWN ON EXHIBIT "B" ATTACHED TO LOT
LINE ADJUSTMENT LL 2014-02 RECORDED
SEPTEMBER 18, 2014 AS INSTRUMENT NO.
2014000379109 OF OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| 25. | The Facility Property had an "as is" fair market value of $13.8 million as of the date that the OC Media Lien was granted and the Cash Transfers made, and at all times thereafter through the Petition Date. | C.D. Dec. ¶¶ 26-28, Platt Dec., Exhibit "B" |
|---|---|---|
| 26. | The Schedules of Assets and Liabilities filed in the FSPV II Bankruptcy Case (the "FSPV II Schedules") state that the value of the Facility Property is $13.8 million.  A true and correct copy of the relevant pages of the FSPV II Schedules setting forth the value of the Facility Property and other facts referenced herein is attached to the C.D. Dec. as Exhibit "D." | OC Media Answers, ¶ 28; C.D. Dec. ¶ 28, Exhibit "D" |
| 27. | As of the date that the OC Media Lien was granted and the making of the Cash Transfers (after accounting for the sale of the Office Building to OC Media), the Facility Property was FSPV II's sole material asset. | C.D. Dec. ¶ 29 |
| 28. | As of the date that the OC Media Lien was granted and the making of the Cash Transfers (after accounting for the payment of approximately $18 million to Silver Point from the proceeds of the sale of the Office Building to OC Media), the Facility Property was encumbered by liens securing over $25.5 million in claims and the secured claims of Silver Point and the PBGC were in default. | C.D. Dec. ¶¶ 30, 34-51; Exhibits "F," "I," and "J" |
| 29. | On March 30, 2016, the Bankruptcy Court entered an order (the "Sale Order") authorizing the sale of substantially all of the Debtors' assets, including the Facility Property, free and clear of all liens, claims, encumbrances and interests (the "Sale").  A true and correct copy of the Sale Order, without exhibits, is attached to the C.D. Dec. as Exhibit "E." | C.D. Dec. ¶ 31, Exhibit "E" |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | |
|---|---|---|
| 30. | The Sale Order authorized the distribution of the proceeds of the Sale to, *inter alia*, certain creditors holding liens against the Debtors' assets (including the Facility Property) that were senior in priority to the OC Media Lien.  These senior liens included the liens held by Silver Point, the PBGC and McEachen/Stern (as such terms are defined hereinbelow). | C.D. Dec. ¶ 32, Exhibit "E" |
| 31. | Title to the Facility Property was transferred to the buyer, free and clear of liens, on March 31, 2016, the date the Sale closed, and the Facility Property is no longer owned by FSPV II.  However, pursuant to the Sale Order, the OC Media Lien against the Facility Property attached to the proceeds of the Sale. Accordingly, the OC Media Lien remains an impediment to the distribution of such proceeds in the Debtors' Bankruptcy Cases. | C.D. Dec. ¶ 33, Exhibit "E" |
| 32. | As of November 21, 2013, (i) FCHI and FCI, as borrowers, (ii) Freedom SPV II and others, as guarantors, (iii) SPCP Group, LLC and SPCP Group VI, LLC, as lenders (the "Prepetition Lenders"), and (iv) Silver Point, as administrative agent and collateral agent (the "Prepetition Agent" and, together with the Prepetition Lenders, the "Prepetition Loan Parties," also from time to time referred to herein as "Silver Point"), entered into that Credit Guaranty Agreement, dated as of November 21, 2013 (the "Original Credit Agreement") with respect to a $26,000,000 credit facility.  The Original Credit Agreement, as subsequently amended, is hereinafter referred to as the "Credit Agreement." | C.D. Dec. ¶ 34 |
| 33. | Concurrently with the execution of the Credit Agreement, Freedom SPV II, as trustor, made, executed and delivered to Silver Point, as beneficiary and collateral agent of the Prepetition | C.D. Dec. ¶ 35 |

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | | |
|---|---|---|---|
| | | Lenders, a *Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing*, dated as of November 19, 2013 (as amended, the "Silver Point Deed of Trust"), with respect to the property subject to the APA and the Facility Property. | |
| | 34. | The Silver Point Deed of Trust was recorded on November 25, 2013, in the Orange County Recorder's Office as document no. 2013000644091.  The Silver Point Deed of Trust, as amended, was a first priority lien against the Facility Property and secured all "obligations and liabilities" of the borrowers and guarantors under the Credit Agreement and related loan documents.  A certified copy of the duly recorded Silver Point Deed of Trust is attached to the C.D. Dec. as Exhibit "F." | C.D. Dec. ¶ 36; Exhibit "F" |
| | 35. | As of May 28, 2014, Freedom SPV II and Silver Point, as beneficiary and collateral agent of the Prepetition Lenders, entered into a *Modification Agreement to Deed of Trust, Security Agreement, Assignment of Rents and Leases and Fixture Filing* (the "Silver Point Amendment to Deed of Trust").  The Silver Point Amendment to Deed of Trust was recorded on May 29, 2014, in the Orange County Recorder's Office as document no. 2014000208267. | C.D. Dec. ¶ 37 |
| | 36. | On July 11, 2014, Silver Point, as beneficiary and collateral agent of the Prepetition Lenders, provided and delivered a "*Notice of Default*" which, among other things, set forth therein certain of the defaults under the Credit Agreement and the Prepetition Lenders thereafter accelerated all sums outstanding plus all fees, costs and charges due under the Credit Agreement. | C.D. Dec. ¶ 38 |

1097005.6

9

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| 37. | On September 16, 2014, as a result of the defaults under the Credit Agreement, Silver Point, as beneficiary and collateral agent of the Prepetition Lenders, caused to be recorded in the Orange County Recorder's Office, with respect to the Silver Point Deed of Trust and the Facility Property, a *Notice of Default and Election to Sell Under Deed of Trust* (the "Silver Point NOD") thereby commencing a nonjudicial foreclosure proceeding against the Facility Property.  The Silver Point NOD was recorded in the Orange County Recorder's Office as document no. 2014000373433.  A certified copy of the duly recorded Silver Point NOD is attached to the C.D. Dec. as Exhibit "G." | C.D. Dec. ¶ 39; Exhibit "G" |
|---|---|---|
| 38. | On April 16, 2015, Silver Point, as beneficiary and collateral agent of the Prepetition Lenders, caused to be recorded in the Orange County Recorder's Office, with respect to the Silver Point Deed of Trust, Facility Property, and the Silver Point NOD, a *Notice of Trustee's Sale* ("Silver Point NOS") setting and scheduling the nonjudicial foreclosure sale of the Facility Property for May 15, 2015.  The Silver Point NOS was recorded in the Orange County Recorder's Office as document no. 2015000194160.  A certified copy of the duly recorded Silver Point NOS is attached to the C.D. Dec. as Exhibit "H."  The liens asserted by Silver Point against the Facility Property are referred to herein as the "Silver Point Liens." | C.D. Dec. ¶ 40; Exhibit "H" |
| 39. | Following the sale of the Office Building and as of the Petition Date, the outstanding debt secured by the Silver Point Deed of Trust as reflected in FCI's and FSPV II's books and records was approximately $19 million dollars. | C.D. Dec. ¶ 41; Exhibit "F" |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| 40. | Prior to the Petition Date, the Pension Benefit Guaranty Corporation (the "PBGC"), on behalf of The Retirement Plan of Freedom Communications, Inc. (the "Pension Plan"), filed various Notices of Federal Lien Under I.R.C. § 412(n) and/or § 430(k) against the Facility Property to secure the Debtors' obligations to the PBGC related to the Pension Plan (the "PBGC Liens").  True and correct copies of the PBGC Liens are attached to the C.D. Dec. as Exhibit "I." | C.D. Dec. ¶¶ 42 and 43; Exhibit "I" |
|---|---|---|
| 41. | The filings related to the PBGC Liens are as follows are as follows: | C.D. Dec. ¶¶ 42 and 43; Exhibit "I" |
| | a.  On August 13, 2014, the PBGC recorded a Notice of Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in the Orange County Recorder's Office, as Instrument No. 2014000326855, in the amount of $2,354,907 for amounts due July 15, 2014. | |
| | b.  On September 23, 2014, the PBGC recorded a Notice of Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in the Orange County Recorder's Office, as Instrument No. 2014000385702, in the amount of $5,045,093 for amounts due September 15, 2014. | |
| | c.  On December 2, 2014, the PBGC recorded a Notice of Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in the Orange County Recorder's Office, as Instrument No. 2014000518702, in the amount of $2,285,360 for amounts due October 15, 2014. | |
| | d.  On March 27, 2015, the PBGC recorded a Notice of Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in | |

**Lobel Weiland Golden Friedman LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

the Orange County Recorder's Office, as Instrument
No. 2015000157115, in the amount of $2,073,065 for
amounts due January 15, 2015.

e. On June 5, 2015, the PBGC recorded a Notice of
Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in
the Orange County Recorder's Office, as Instrument
No. 2015000294481, in the amount of $1,639,221 for
amounts due April 15, 2015.

f. On September 23, 2015, the PBGC recorded a Notice of
Federal Lien Under I.R.C. § 412(n) and/or § 430(k) in
the Orange County Recorder's Office, as Instrument No.
2015000487370, in the amount of $1,307,601 for
amounts due September 15, 2015.

| | | |
|---|---|---|
| 42. | Based on the above-referenced filings, and otherwise, as of the Petition Date, the PBGC asserted a total secured claim against FSPV II in the approximate amount of $15.46 million (the "PBGC Secured Claim"). | C.D. Dec. ¶ 44 |
| 43. | FSPV II lacked the means to pay the claims asserted by the PBGC in 2014 and 2015. | C.D. Dec. ¶ 45 |
| 44. | On July 31, 2014, the Los Angeles Superior Court entered a stipulated judgment in the amount of $4.150 million in favor of Mark McEachen and Mitchell Stern ("McEachen/Stern"), and jointly and severally against FCHI and FSPV II (the "Stipulated Judgment"). | C.D. Dec. ¶ 46 |
| 45. | On August 4, 2014, McEachen/Stern recorded the Stipulated Judgment against the Facility Property, in the Orange County Recorder's Office, as Instrument No. 2014000312355 (the | C.D. Dec. ¶ 47 |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | |
|---|---|---|
| | "McEachen/Stern Lien").  A certified copy of the duly recorded McEachen/Stern Lien is attached to the C.D. Dec. as Exhibit "J." | |
| 46. | As of the Petition Date, McEachen/Stern asserted a total secured claim against FSPV II in the approximate amount of $4.150 million (the "McEachen/Stern Secured Claim"). | C.D. Dec. ¶ 48 |
| 47. | FSPV II lacked the means to pay the McEachen/Stern Secured Claim in 2014 and 2015. | C.D. Dec. ¶ 49 |
| 48. | At the time of the grant of the OC Media Lien on September 19, 2014, the Facility Property was encumbered by the Silver Point Liens, one of the PBGC Liens and the McEachen/Stern Lien which, at that time, in the aggregate, secured no less than $25,504,907 million in claims, as set forth in the table below: | C.D. Dec. ¶¶ 30, 41, 44, 48, 50 and 51; Exhibits "F," "I," and "J" |
| 49. | The claims that were secured by liens senior in priority to the OC Media Lien exceeded $25.5 million, a sum that was far in excess of the $13.8 million fair market value of the Facility Property. | C.D. Dec. ¶¶ 26-28, 30, 41, 44, 48, 50 and 51; Exhibits "D," F," "I," and "J;" Platt Dec., Exhibit "B" |

| Lienholder | Date of Recording | Approximate Principal Amount of Claim as of Date of OC Media Lien, Cash Transfers and Petition Date |
|---|---|---|
| Silver Point Finance, LLC | November 25, 2013 | $19,000,000.00 |
| Mark McEachen & Michael Stern | August 4, 2014 | $4,150,000.00 |
| Pension Benefit Guarantee Corporation | August 13, 2014 | $2,354,907.00 |
| OC Media Tower, LP | September 19, 2014 | $2,145,239.20 |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| 50. | The FSPV II Schedules list the secured claim of OC Media in the amount of $0.00.  A true and correct copy of the relevant page of the FSPV II Schedules listing the secured claim of OC Media in the amount of $0.00 is attached to the C.D. Dec. as Exhibit "K." | OC Media Answers, ¶ 50; C.D. Dec. ¶ 52, Exhibit "K" |
|---|---|---|
| 51. | On March 30, 2016, OC Media filed Proof of Claim No. 427 in the FCI Bankruptcy Case, asserting a claim for damages under the Lease in the amount of $13,864,831 and asserting the amount of $2,145,239.20 as a secured claim against the Facility Property based on the OC Media Lien (the "FCI Proof of Claim").  On September 22, 2016, OC Media filed Proof of Claim No. 12 in the FSPV II Bankruptcy Case, asserting the amount of $2,145,239.20 as a secured claim against the Facility Property based on the OC Media Lien (the "FSPV II Proof of Claim").  In the OC Media Complaint, OC Media recalculated the rejection damage claim based on the rejection of the Lease in the amount of $11,703,457, of which the amount of $2,145,239.20 is asserted by OC Media to be a secured claim against the Facility Property based on the OC Media Lien.  True and correct copies of the FCI Proof of Claim and the FSPV II Proof of Claim are attached to the C.D. Dec. as Exhibits "L" and "M." | OC Media Complaint, ¶¶ 79-80; C.D. Dec. ¶ 53, Exhibits "L" and "M" |
| 52. | Based on the books and records of SPV II, at the time of the grant of the OC Media Lien and the making of the Cash Transfers on September 19, 2014, Freedom SPV II was insolvent, as the liabilities of Freedom SPV II (in light of the pre-existing liens against the Facility Property asserted by Silver Point, PBGC and McEachen/Stern totaling over $25.5 million, and the accrued | C.D. Dec. ¶¶ 26-28, 30, 41, 44, 48, 50, 51, 54, 55, Exhibits "D," F," "I," and "J;" |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

| | | | |
|---|---|---|---|
| | | unsecured claims in favor of the PBGC in an amount exceeding $5 million (reflected in the PGBC's Proof of Claim No. 505-1), exceeded the value of the Facility Property which was estimated to be approximately $13.8 million.   A true and correct copy of the PBGC's Proof of Claim No. 505-1 is attached to the C.D. Dec. as Exhibit "N." | Platt Dec., Exhibit "B" |
| | 53. | Prior to and as of the date of the grant of the OC Media Lien and the making of the Cash Transfers, bona fide unsecured claims existed against FSPV II and FCI, including over $5 million in claims alleged by the PBGC to be due as of such time. | C.D. Dec. ¶ 55; Exhibits "I" and "N" |
| | 54. | After the date of the grant of the OC Media Lien and the making of the Cash Transfers and to the Petition Date, bona fide unsecured claims accrued against FSPV II and FCI that remained unpaid, including those reflected in the unfunded benefit liability claims alleged by the PBGC to exceed $154 million (Proof of Claim No. 503-1), and other claims reflected on the FSPV II Schedules and the Schedules of Assets and Liabilities filed in the FCI Bankruptcy Case, and such claims remained unpaid.  A true and correct copy of the PBGC's Proof of Claim No. 503-1 is attached to the C.D. Dec. as Exhibit "O."  True and correct copies of the relevant pages of Schedules E/F of the FSPV II Schedules, and the Schedules of Assets and Liabilities filed in the FCI Bankruptcy Case, are attached to the C.D. Dec. as Exhibits "P" and "Q." | C.D. Dec. ¶ 56; Exhibits "O," "P" and "Q" |
| | 55. | On February 6, 2015, Angelo, Gordon Management, LLC ("Angelo Gordon") recorded a $10 million lien against the Facility Property (the "Angelo Gordon Lien").  A certified copy of the duly | C.D. Dec. ¶ 57; Exhibit "R" |

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

| | | | |
|---|---|---|---|
| | | recorded deed of trust reflecting the Angelo Gordon Lien is attached to the C.D. Dec. as Exhibit "R." | |
| | 56. | According to Angelo Gordon, 2100 Freedom, FSPV II's ultimate parent entity, owed the stockholders whom Angelo Gordon represented, not less than $17.45 million since June of 2013, and this debt was still delinquent and unpaid in its entirety when the OC Media Lien was recorded and the Cash Transfers were made. | C.D. Dec. ¶ 58 |
| | 57. | Just over a year after the OC Media Lien was recorded, FSPV II filed a Chapter 11 petition wherein it listed on the FSPV II Schedules $13.8 million in assets, $39 million in secured claims, and $155 million in unsecured claims. | C.D. Dec. ¶ 59; Exhibit "D" |
| | 58. | The $22 million "intercompany debt" from FCI carried on FSPV II's books in connection with the use of the proceeds of the sale of the Office Building to pay down the Silver Point debt was uncollectible. | OC Media Complaint, ¶ 53; C.D. Dec. ¶¶ 60-63 |
| | 59. | The Debtors' draft 2014 income statement and balance sheet confirm that the Debtors (and therefore FCI) could no more pay a $22 million intercompany receivable than they could pay the debts to Silver Point, the PBGC or the other creditors.  In fact, in fiscal year 2014, the Debtors suffered an operating loss of approximately $41 million and their balance sheet reflected a negative net capital balance of over $90 million.  True and correct copies of the Debtors' 2014 draft consolidated financial statements are attached to the C.D. Dec. as Exhibit "S." | C.D. Dec. ¶¶ 60-63, Exhibit "S" |
| | 60. | As established by the Debtors' financial statements, at the time of the sale of the Office Building and thereafter, the Debtors | C.D. Dec. ¶¶ 40, 45, 49, |

| | |
|---|---|
| continued to lose cash and were unable to pay their current and accruing obligations.  The Debtors' continued operations generated ongoing and enormous cash losses, and such continued operations provided no positive benefit to FSPV II or its creditors. | 60-63, Exhibit "S" |

## **CONCLUSIONS OF LAW**

1.     The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 105, 506, 544, 548, 550 and 551.  (OC Media Answers, ¶ 1).

2.     This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (H), (K) and (O).  (OC Media Answers, ¶ 1).

3.     Regardless of whether this is a core proceeding, consent has been given by all parties to this adversary proceeding to the entry of final orders and judgment by the Court.  (OC Media Answers, ¶ 1).

4.     Venue in this judicial district is proper under 28 U.S.C. §§ 1408 and 1409.  (OC Media Answers, ¶ 2).

5.     Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

6.     The claims asserted in this adversary proceeding arise out of and relate to the bankruptcy cases of Freedom Communications, Inc., et. al., jointly-administered chapter 11 cases bearing Lead Case No. 8:15-bk-15311-MW, currently pending in the United States Bankruptcy Court, Central District of California (the "Debtors' Bankruptcy Cases").  (OC Media Answers, ¶ 3; C.D. Dec. ¶ 7).

7.     The Movants, as debtors-in-possession in the Debtors' Bankruptcy Cases, have standing to bring this action pursuant to 11 U.S.C. §§ 105, 544, 548, 550 and 551.

8.     The Movants are entitled to summary judgment on First through Ninth Counterclaims, and the First through Eighth Crossclaims.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1097005.6

17

Respectfully submitted,

Dated:  December 7, 2016

LOBEL WEILAND GOLDEN FRIEDMAN LLP

By: _____
WILLIAM N. LOBEL
ALAN J. FRIEDMAN
SEAN A. O'KEEFE
BETH E. GASCHEN
Attorneys for Movants,
Freedom Communications, Inc.
and FSPV II, LLC

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

| In re:<br><br>**Freedom Communications, Inc., a Delaware corporation, Inc., et al.**<br>Debtor(s). | CHAPTER: **11**<br><br>CASE NUMBER: **8:15-bk-15311-MW**<br>**(Jointly Administered)**<br>ADV. NUMBER: **8:16-ap-01116 MW** |
| --- | --- |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 950**
**Costa Mesa, CA  92626**

A true and correct copy of the foregoing document entitled **STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND/OR PARTIAL ADJUDICATION OF FACTS AND ISSUES OF LAW AGAINST OC MEDIA TOWER, L.P., CACTUS FINANCIAL, INC. AND CARIBOU INDUSTRIES, INC.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 7, 2016**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 7, 2016**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

(Via Attorney Service)
The Honorable Mark S. Wallace
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, 6th Floor Courtesy Bin
Santa Ana, CA 92701-4593

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/7/2016 | Nancy Lockwood | /s/ Nancy Lockwood |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**9013-3.1.PROOF.SERVICE**

| In re: | CHAPTER: **11** |
|---|---|
| **Freedom Communications, Inc., a Delaware corporation, Inc., et al.** | CASE NUMBER: **8:15-bk-15311-MW** (Jointly Administered) |
| Debtor(s). | ADV. NUMBER:  **8:16-ap-01116 MW** |

1.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:

- **Alan J Friedman**    afriedman@lwgfllp.com, nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@lwgfllp.com;lgauthier@lwgfllp.com
- **Ryan D ODea**    rodea@shbllp.com, sswartzell@shbllp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**